**Charles Joseph REIMER, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Internal Revenue Service, et al., Defendants-Appellees.**

No. 30486

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 26, 1971.

---

* [1] Rule 18, 5 Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Charles Joseph Reimer, pro se.

Anthony J. P. Farris, U. S. Atty., James R. Gough, George R. Pain, Asst. U. S. Attys., Houston, Tex., Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Chief, Appellate Sec., Dept. of Justice, K. Martin Worthy, Chief Counsel, Internal Revenue Service, Daniel B. Rosenbaum, James H. Bozarth, Attys., Tax Division, Dept. of Justice, Washington, D. C., for defendants-appellees.

Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.

PER CURIAM:

Reimer appeals from the district court's dismissal of his suit seeking an injunction against the collection of an income tax assessment.

26 U.S.C. § 7421(a) provides that, except in certain listed situations not applicable here,

> no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed.

In Enochs v. Williams Packing, etc., Co., 1962, 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed. 2d 292, the Supreme Court noted a further exception to the restriction where it is apparent that, under the most liberal view of the law and facts, the government cannot establish its claim and where no adequate legal remedy exists so that equity jurisdiction may properly be invoked. Reimer attempts to place his case within the *Enochs* exception.

 Reimer argues that the IRS waived the right to collect the tax by agreeing in 1961 to a settlement of his tax liability for 1959. Yet the very IRS form on which Reimer bases this claim explicitly informs the taxpayer that the IRS is not waiving any right to a further assessment. Additionally, under 26 U.S.C. § 7122 the IRS agent named by Reimer had no authority to compromise his tax liability. Reimer's other arguments on the merits equally fall short of the *Williams Packing Co.* requirements for an injunction.

 Finally, Reimer has an adequate remedy at law. He can pay the assessment and sue in the district court for a refund. Reimer has made no attempt to show that this is not an adequate remedy.

The district court's dismissal of the suit for an injunction is affirmed.