**David R. ARONSON, Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

**No. 949, Docket 92–4137.**

United States Court of Appeals, Second Circuit.

Argued Feb. 1, 1993.

Decided March 24, 1993.

H. Elliot Wales, New York City, for petitioner-appellant.

Billie L. Crowe, Tax Div., Dept. of Justice, Washington, DC (James A. Bruton, Acting Asst. Atty. · Gen., Garry R. Allen, Kenneth L. Greene, Tax Div., Dept. of Justice, Washington, DC, of counsel), for respondent-appellee.

Before MESKILL, Chief Judge, FEINBERG and JACOBS, Circuit Judges.

PER CURIAM:

This is an appeal from a decision of the United States Tax Court, Howard A. Dawson, J., finding that the statute of limitations did not bar assessment and collection of certain deficiencies by the Internal Revenue Service (IRS).

The relevant facts, substantially taken from the Tax Court opinion, are as follows. In 1983, taxpayer David R. Aronson's 1980 and 1981 income tax returns were audited by the IRS. On the returns, Aronson (taxpayer) had claimed deductions for investments in commodities straddle transactions—$130,000 in 1980 and $284,000 in 1981. During a meeting with the IRS in the Fall of 1983, taxpayer was requested to execute a "Special Consent to Extend the Time to Assess Tax" (Form 872–A) for taxable year 1980. Form 872–A is known as an "open-ended" consent because it extends indefinitely the usual three-year limitations period for assessment of deficiencies in tax. In October 1983, taxpayer executed a Form 872–A for taxable year 1980, as requested, and mailed it to the IRS. In November 1984, the IRS mailed a letter to

taxpayer asking him to execute another Form 872–A, this time for taxable year 1981. Included with this letter were Form 872–A and a copy of IRS Publication 1035. Although the latter purports to give "general information about the consent process and the options available" to taxpayers if the IRS asks them to extend the limitations period, it does not describe the procedures for using Form 872–A. Instead, it refers the taxpayer to Rev.Proc. 79–22 for that purpose. To obtain Rev.Proc. 79–22, the taxpayer must call or write the IRS.

At the time taxpayer received Form 872–A for 1981, he was nervous about executing an open-ended consent. At most, he wanted to grant the IRS an extension of 90 days in which to make a determination regarding taxable year 1981. Moreover, taxpayer decided that he wanted to terminate the Form 872–A he had previously executed for taxable year 1980. Taxpayer called an IRS taxpayer-assistance number and communicated his decisions concerning the consents to an IRS representative. Although taxpayer had read Publication 1035 before phoning the IRS, he had not read Rev.Proc. 79–22. Nor did he request a copy of Rev.Proc. 79–22 from the IRS during his phone conversation with an IRS Representative or any time thereafter. Rev.Proc. 79–22 provides that to terminate Form 872–A, written notice to the IRS must be made using Form 872–T. Rev.Proc. 79–22 further provides that any attempt to terminate Form 872–A in any other manner, e.g., orally or by letter, will be ineffective.

In December 1984, taxpayer executed a Form 872–A for taxable year 1981 and sent it to the IRS by certified mail. The Tax Court found that taxpayer mailed the form without enclosing a cover letter. A certified mail receipt indicates that the IRS received Form 872–A on December 20, 1984. The IRS deemed taxpayer's Form 872–A defective because it received only one of the two photocopied Form 872–A pages sent to taxpayer. The IRS requested by letter that taxpayer re-execute Form 872–A. Accompanying the letter was a new Form 872–A. In February 1985, tax-

payer executed a new Form 872–A for taxable year 1981 and submitted it to the IRS. The Tax Court found that taxpayer did not enclose a cover letter with the re-executed Form 872–A.

Over three years later, in June 1988, taxpayer executed and mailed to the IRS two Forms 872–T, terminating Forms 872–A for taxable years 1980 and 1981. The IRS received both forms on June 27, 1988 and soon thereafter mailed notices of deficiency to taxpayer for taxable years 1980 and 1981.

The factual and legal questions in this case are straight-forward. Taxpayer and the IRS disagree over the existence and effect of two cover letters taxpayer claims he mailed to the IRS in late 1984 and early 1985 in connection with execution of the Form 872–A for taxable year 1981. Taxpayer's position is that the cover letters (i) effectively terminated the Form 872–A executed for taxable year 1980, and (ii) imposed a condition on the Form 872–A executed for taxable year 1981, limiting the extension of the period of limitations on assessment to only an additional 90 days.

The Tax Court's decision had two key aspects, one of fact and one of law. First, the court found as a fact that taxpayer did not enclose the cover letters in connection with the execution in late 1984 and early 1985 of two Forms 872–A for taxable year 1981. Second, the court concluded that, even if taxpayer had enclosed the cover letters, they would not have effectively terminated the consent executed for taxable year 1980 nor effectively conditioned the terms of the consent executed for taxable year 1981.

Disposition of this appeal is controlled by the Tax Court's factual findings that the two cover letters were not sent. While the evidence was such that the Tax Court could justifiably have reached the opposite result, we cannot on this record say that its findings were clearly erroneous. Therefore, we must affirm the judgment of the Tax Court.

In addition to urging affirmance on the Tax Court's factual findings, the government's position has been that taxpayers may terminate Form 872–A consents only by Form 872–T. In response, taxpayer claims he justifiably relied on Publication 1035, whose express purpose is to give "general information about the consent process." Publication 1035 says only that consents remain open until the IRS or the taxpayer files "written notice ending the agreement." It does not mention that a particular form (872–T) is required for this purpose, although it does refer the taxpayer to another IRS publication that does so. To this argument, the Tax Court replied that "if [taxpayer] relied on Publication 1035 as authority on how to terminate an executed Form 872–A, that error was of his own making."

We agree that taxpayer's reliance on Publication 1035 was misplaced because Form 872–A specifically mentions Form 872–T as the proper method for taxpayer termination of consent to extension of the limitation of assessment. Nevertheless, it seems to us worth noting that IRS Publication 1035 is unnecessarily confusing, if not misleading. If the purpose of Publication 1035 were to enlighten, one would expect at least a reference to Form 872–T and a statement that it must be used by a taxpayer to terminate a consent given by using Form 872–A. Indeed, it would make sense to furnish taxpayers a copy of Form 872–T, with an appropriate explanation of its purpose, together with Form 872–A. Form 872–T appears to be a carefully thought out form that elicits all the information the government needs in a simple and direct way. It would also make sense to furnish Rev.Proc. 79–22 together with Publication 1035, which refers to it. We would think the IRS would take steps to simplify and clarify these forms, publications and procedures in the future.

Judgment affirmed.