**Sheldon Jay DAVID, Marilyn David, Walter David and Marian David, Petitioners–Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 262, Docket 94–4034.

United States Court of Appeals, Second Circuit.

Argued Sept. 19, 1994.

Decided Jan. 3, 1995.

Theodore D. Peyser, Washington, DC (Roberts & Holland, Washington, DC, Richard A. Levine, Roberts & Holland, New York City, of counsel), for petitioners-appellants.

Linda E. Mosakowski, Tax Div., Dept. of Justice, Washington, DC (Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen, Richard

Farber, Tax Div., Dept. of Justice, of counsel), for respondent-appellee.

Before: VAN GRAAFEILAND, MINER and McLAUGHLIN, Circuit Judges.

PER CURIAM:

Walter and Marian David, and Sheldon and Marilyn David appeal from decisions of the United States Tax Court (Dawson, J.) imposing negligence penalties under 26 U.S.C. § 6653(a) for underpayment of federal income taxes. We affirm.

Walter and his brother, Sheldon, are experienced and sophisticated businessmen. Walter has a bachelor of business administration degree with a major in accounting; Sheldon has a master of business administration degree. After college they joined W.B. David & Co., a diamond business in New York City founded by their father. In December 1981, appellants invested in Mid Continent Drilling Associates II ("MCDA–II"), a limited partnership. MCDA–II was formed ostensibly to engage in various oil and gas related businesses, which included the exploitation of a new drilling mechanism, the "Terra–Drill." MCDA–II was clearly a speculative investment and was expected to lose money in its early years. However, it was supposed to provide substantial tax shelter benefits. A partnership share cost $150,000, but prompt payment of this amount was not required. Three annual payments of $10,000 were to be made, while the remainder ($120,-000 plus non-recourse interest) would be due eleven years thereafter. Because each share would have a cost basis of $150,000, it was contemplated that tax deductions for the full amount of partnership losses could be allocated over a four year period despite the fact that prior to the fourteenth year only $30,000 actually had been paid.

The Offering Memorandum clearly stated that MCDA–II was a highly risky investment and that even the purported tax benefits might be challenged by the Internal Revenue Service. Nevertheless, appellants invested in MCDA–II and deducted their share of losses incurred by the partnership, computed as above described. Each couple claimed losses of $59,400 in 1981 and $64,451 in 1982.

They claim to have done so on the advice of their accountants, Messrs. Feinman and Burr of the accounting firm of Rashba & Pokart. They also claim to have relied on the fact that Laventhol & Horwath, a nationally recognized accounting firm, would be preparing the partnership returns and the accompanying Schedules K–1 for MCDA–II—the Davids assuming without any factual basis that Laventhol would have made or would make an investigation as to the feasibility of the venture and the reputation of the people involved. None of the above-named accountants was a knowledgeable participant in the oil and gas business, and none of them was prepared to certify the accuracy of the information contained in the IRS schedules.

As it turns out, MCDA–II failed miserably. When appellants claimed 1981 and 1982 tax losses for approximately twice the amount of their installment payments, their deductions were disallowed and they were assessed penalties under § 6653(a) for "underpayment ... due to negligent disregard of rules or regulations." Appellants petitioned in the United States Tax Court for redetermination of their deficiencies and additions to tax.

In the meantime, in a case brought by other investors, *Webb v. Commissioner,* 60 T.C.M. (CCH) 1085, 1990 WL 161012 (1990), it was established that MCDA–II was not operated for the purpose of making a profit within the meaning of section 183 of the Code, but rather as a tax shelter partnership organized to avoid federal income taxes. Because of this ruling, appellants conceded their liability for the income tax deficiencies as determined by the Commissioner. However, they continued to challenge their liability for the negligence penalty.

Unfortunately for appellants' cause, this Court recently has rejected a similar challenge made under almost identical circumstances by Leo and Pauline Goldman. *See Goldman v. Commissioner,* 39 F.3d 402 (2d Cir.1994). In *Goldman,* we held that MCDA–II's too-good-to-be-true offering was a clear indication that the partnership was created only to generate tax deductions. *Id.* at 407–08. We also held that taxpayers' reliance on expert advice is not reasonable where the "expert" lacks knowledge of the

business in which the taxpayers invested. *Id.* at 408.

Finding nothing of substance to distinguish this case from *Goldman,* we affirm.