T.C. Memo. 2004-58

UNITED STATES TAX COURT

BECKER HOLDING CORPORATION AND SUBSIDIARIES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6400-03.                    Filed March 10, 2004.

<u>Jerald David August</u> and <u>James P. Dawson</u>, for petitioner.

<u>Andrew M. Tiktin</u> and <u>Sergio Garcia-Pages</u>, for respondent.

MEMORANDUM OPINION

HAINES, <u>Judge</u>:  The matter is before the Court on the
parties' cross-motions for partial summary judgment pursuant to
Rule 121.[1]  The issues to be decided are:  (1) Whether the
parties agreed to a settlement with respect to petitioner's tax

_____

    [1]  Unless otherwise indicated, Rule references are to the
Tax Court Rules of Practice and Procedure, and section references
are to the Internal Revenue Code, as amended.

years ending September 30, 1994, 1995, and 1996 (years at issue); and, if not, (2) whether the notice of deficiency[2] is barred because it was mailed after the period of limitations on the assessment of taxes had expired.

The following facts are based upon the parties' pleadings, memoranda, and supporting documents. See Rule 121(b). They are stated solely for the purpose of deciding the parties' cross-motions for partial summary judgment, and not as findings of fact in this case. Fed. R. Civ. P. 52(a).

## Background

Petitioner is a corporation with its principal place of business in Fort Pierce, Florida. During the years at issue, petitioner was the parent company of a consolidated group of affiliated corporations engaged in various aspects of the citrus industry.

In 1991, petitioner agreed to purchase stock owned by R. William Becker (Mr. Becker) in petitioner. One of the documents evidencing the transaction, the Agreement, dated March 15, 1991,

---

[2] The notice of deficiency determined deficiencies for petitioner's tax years ending Sept. 30 for 1993, 1994, and 1995 rather than 1994, 1995, and 1996, which we are identifying as the years at issue. In 1996, petitioner sustained a net operating loss, the amount of which is in dispute. Respondent's denial of a $5,307,600 amortization deduction taken by petitioner in 1996 reduced the net operating loss but did not result in a deficiency for that year. Rather, respondent's determination resulted in a reduction in petitioner's net operating loss carryback from 1996, resulting, inter alia, in reductions in the net operating losses in 1993 and 1995. See sec. 6501(h).

provided, in part, that for a period of 3 years Mr. Becker would not "directly or indirectly engage in the processing or sale of citrus concentrate or fresh juices" (covenant not to compete).

The total stated consideration for the transaction was $23,953,934 plus interest, payable over a period of 5 years. In its Federal income tax return for the tax year ending September 30, 1996, petitioner deducted $5,307,600 as an amortization expense. Respondent's Examination Division disallowed the amortization deduction in its entirety.

The case at bar was assigned to Appeals Officer Neil Kaufman (Mr. Kaufman) to see whether it could be administratively resolved. Mr. Kaufman was also assigned the case involving Mr. Becker (the Becker case) in which the Examination Division took the position that $5,307,600 was allocable to the covenant not to compete, resulting in Mr. Becker's having to recognize $5,307,600 of ordinary income in 1996. Terri N. Beach (Ms. Beach) was Mr. Kaufman's supervisor and held the position of Appeals Team Manager.

The parties executed Form 872, Consent to Extend the Time to Assess Tax, extending the period of limitations for the years at issue to June 30, 2002. Shortly thereafter, Lawrence Y. Leonard (Mr. Leonard) undertook the representation of petitioner before respondent's Appeals Office (Appeals). Mr. Leonard was aware that Mr. Kaufman had also been assigned the Becker case.

On April 8, 2002, Mr. Leonard, on behalf of petitioner, wrote a letter to Mr. Kaufman proposing, inter alia:

Of the $5,307,600 which remains in dispute regarding the covenant not to compete signed by William Becker, 85% (or $4,511,460) would be allowed as a deduction for the 1996 fiscal year.  This would increase the net operating loss for 1996.  A net operating loss carryback of $4,511,460 would be taken for the 1993 fiscal year.

On April 18, 2002, Mr. Kaufman wrote a letter to Mr. Leonard which stated:

I have considered your settlement proposal in your faxed letter to me of April 8, 2002.  My response is as follows:

- I am willing to allow 80% of the remaining $5,307,000 ($4,246,000) as a deduction in the 1996 fiscal year.

- I believe that the 1993 fiscal year is open only under a loss carryback and thus the originally claimed 1995 bad debt could not be claimed in that year.

- Unless the 1997 fiscal year loss has already been examined by the Examination Division, I cannot allow anything at this time.  You may be able to file a carryback subsequently.

- The rest of your proposal would be acceptable.

On May 28, 2002, Mr. Leonard wrote a letter to Mr. Kaufman enclosing duplicate executed Forms 872-A, Special Consent to Extend the Time to Assess Tax, which stated:

Enclosed please find two executed Special Consent to Extend the Time to Assess Tax.  As we have discussed, it appears that the sole issue impeding our resolution of this matter is the carryback of net operating loss from 1997 to 1995.  I will forward to you within the next week my research which indicates that the 1997 loss is required to be taken in 1995 if 1995 is an open year.  This letter will also confirm our discussion that 1993 remains an open year for the purpose of

net operating loss carryback.  If this information is incorrect, please let me know.

Mr. Leonard, on behalf of petitioner, signed Form 872-A on May 28, 2002, and Mr. Kaufman signed it on behalf of respondent on May 29, 2002.  The Form 872-A signed by the parties had not been altered by any insertions, additions, or deletions.  The legal effect of the Form 872-A signed by the parties is in dispute.

On June 4, 2002, respondent issued a notice of deficiency in the Becker case determining that Mr. Becker must recognize $5,307,600 of ordinary income during the taxable year 1996.

On July 8, 2002, Mr. Leonard again wrote Mr. Kaufman and stated:

> As we have discussed, my client, Becker Holding Corporation, hereby accepts the proposal which you outlined in your April 18, 2002 letter.  As I understand your proposal you will:
>
> (1)  allow 80% of the remaining $5,307,000.00, to wit $4,246,000.00 as a deduction in the 1996 fiscal year. This would increase the net operating loss for 1996, which would be carried back to the 1993 fiscal year.
>
> (2)  allow a fuel tax credit for 1993 which was being disputed as a double deduction, but which in fact was not, in the amount of $87,467.00.
>
> (3)  make no changes to tax years 1991 and 1992.
>
> As we had also discussed, there remain issues outstanding for the above stated tax periods, as well as tax period ending 09/1997, with which we would request your assistance, but which are not contingencies to the acceptance of your proposal.
>
> &ast; &ast; &ast; &ast; &ast; &ast; &ast;
>
> As you can see, my clients would like to resolve any outstanding issues for tax years 09/1991 through 09/1997

inclusive.  * * * Please let me know how you wish to proceed regarding finalizing the details of Becker Holding Corporation's acceptance of the terms of your April 18, 2002 letter.  I look forward to working with you to finally resolve this issue.

On July 18, 2002, Mr. Kaufman notified Mr. Leonard that the case could not be resolved on the terms set out in his April 18, 2002, letter.

On January 30, 2003, respondent issued a notice of deficiency denying in full, inter alia, petitioner's amortization deduction of $5,307,600 taken in 1996.  Petitioner filed a timely petition with the Court on April 29, 2003, and respondent filed an answer on June 25, 2003.  The original petition did not set out the statute of limitations as an affirmative defense.

On October 7, 2003, petitioner filed a Motion for Leave to File Amended Petition to include a statute of limitations defense as well as a claim that a settlement had been reached with Appeals.  Petitioner's Motion for Leave to File Amended Petition was granted by the Court, and the amended petition was filed on October 8, 2003.

Petitioner also filed on October 7, 2003, a Motion for Summary Judgment supported by a Memorandum of Authorities with attached affidavits.  Petitioner's motion seeks judgment that a settlement had been reached, or, in the alternative, that respondent's notice of deficiency, dated January 30, 2003, is

barred because it was issued after expiration of the period of limitations for assessment of taxes.

Respondent filed an Answer to Amended Petition on November 14, 2003, and, on November 26, 2003, filed a Motion for Partial Summary Judgment with supporting affidavits, seeking judgment that no settlement had been reached and that the notice of deficiency was issued within the period of limitations for the assessment of taxes and, therefore, was not barred.

The parties filed objections to each others' motions.

## Discussion

A decision on a motion for partial summary judgment may be rendered if the pleadings and other materials in the record show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The Court has considered the pleadings and other materials in the record and concludes that there is no genuine issue of any material fact as it relates to the cross-motions of the parties and that a decision may be rendered as a matter of law.

I. Settlement

Petitioner contends that this case was settled by Mr. Leonard and Mr. Kaufman prior to the issuance of the notice of deficiency. Respondent contends that Mr. Kaufman lacked the

authority to bind the Commissioner to a settlement and that, therefore, a settlement did not occur.

A settlement is a contract, and, consequently, general principles of contract law determine whether a settlement has been reached. Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969), supplemented by 53 T.C. 275 (1969). In tax cases, settlement offers made and accepted by letters have been enforced as binding agreements. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 333-334 (1997), affd. without published opinion 208 F.3d 205 (3d Cir. 2000); Haiduk v. Commissioner, T.C. Memo. 1990-506; Himmelwright v. Commissioner, T.C. Memo. 1988-114. A settlement agreement may even be reached in the absence of a writing. Haiduk v. Commissioner, supra (citing Green v. John H. Lewis & Co., 436 F.2d 389 (3d Cir. 1971)).

A settlement agreement may be reached by authorized agents or officials representing the parties. See Dorchester Indus. Inc. v. Commissioner, supra at 331. Whether an attorney has authority to settle a case on behalf of a taxpayer is a factual question to be decided according to common law principles of agency. Id.; see Adams v. Commissioner, 85 T.C. 359, 369-372 (1985); Kraasch v. Commissioner, 70 T.C. 623, 627-629 (1978). The parties do not dispute that Mr. Leonard had authority to bind petitioner to a settlement in the instant case.

Settlement authority on behalf of the Commissioner is delegated to officers identified in Commissioner delegation orders. Sec. 601.106(a)(1)(i) and (ii), Statement of Procedural Rules. Delegation Order No. 66 (rev.15), effective January 23, 1992, identifies the officers who are vested with the authority to settle cases before Appeals; i.e., Regional Counsel; Regional Director of Appeals; Chiefs, Assistant Chiefs and Associate Chiefs of Appeals Offices; Appeals Team Chiefs and Team Managers as to their respective cases; Directors of an Appeals Operating Unit, Appeals Area Directors, Deputy Appeals Area Directors, and Appeals Team Case Leaders.

This Court has repeatedly declined to enforce a settlement agreement when the person entering into the agreement on behalf of the Commissioner lacked the authority to bind the Commissioner. See, e.g., Dorl v. Commissioner, 507 F.2d 406, 407 (2d Cir. 1974), affg. 57 T.C. 720 (1972) and T.C. Memo. 1973-145; Gardner v. Commissioner, 75 T.C. 475, 477-478 (1980); Webb v. Commissioner, T.C. Memo. 1994-549, affd. without published opinion 68 F.3d 482 (9th Cir. 1995); Baratelli v. Commissioner, T.C. Memo. 1994-484; David v. Commissioner, T.C. Memo. 1993-621, affd. 43 F.3d 788 (2d Cir. 1995); Ginella v. Commissioner, T.C. Memo. 1991-625.

Respondent has offered declarations pursuant to 28 U.S.C. sec. 1746 (2000), from Mr. Kaufman and Ms. Beach stating that Mr.

Kaufman did not hold any of the positions specified in Delegation Order No. 66 when he was handling the instant case and, therefore, did not have the authority to settle the case.  The declarations further state that Ms. Beach, Mr. Kaufman's Team Manager, did have the authority to settle but did not exercise her authority by entering into an agreement, or approving any agreement, settling the Federal income tax liabilities of petitioner for the years at issue.  Petitioner has failed to counter those declarations with anything but unsupported allegations.  Rauenhorst v. Commissioner, 119 T.C. 157, 176 (2002).

It has long been held that "persons dealing with an agent of the government must take notice of the limitations of his authority."  Bornstein v. United States, 345 F.2d 558, 562 (Ct. Cl. 1965); see Graff v. Commissioner, 74 T.C. 743, 762 (1980), affd. per curiam 673 F.2d 784 (5th Cir. 1982); Midwest Motor Express, Inc. v. Commissioner, 27 T.C. 167, 182 (1956), affd. 251 F.2d 405 (8th Cir. 1958).  Petitioner had the responsibility to determine the extent of Mr. Kaufman's authority.  See Boulez v. Commissioner, 76 T.C. 209, 214 (1981), affd. 810 F.2d 209 (D.C. Cir. 1987).

Further, the Commissioner is not bound by an apparent settlement where an agent is without authority to compromise a taxpayer's tax liability.  Botany Worsted Mills v. United States,

278 U.S. 282, 288-289 (1929); <u>Klein v. Commissioner</u>, 899 F.2d 1149, 1153 (11th Cir. 1990); <u>Reimer v. United States</u>, 441 F.2d 1129, 1130 (5th Cir. 1971); <u>Gardner v. Commissioner</u>, <u>supra</u> at 479.

Finally, in each of the cases on which petitioner relies, <u>Dorchester Indus. Inc. v. Commissioner</u>, <u>supra</u>; <u>Haiduk v. Commissioner</u>, <u>supra</u>; <u>Addison H. Gibson Found. v. United States</u>, 71A AFTR 2d 93-3587, 91-1 USTC par. 50,178 (W.D. Pa. 1991), affd. without published opinion 958 F.2d 362 (3d Cir. 1992), the Government official's authority to settle was not at issue.

We conclude that Mr. Kaufman had no authority to enter into a binding settlement agreement on behalf of the Commissioner, that a settlement was not approved by Ms. Beach, and that, as a consequence, no settlement occurred.

## II.  <u>Legal Effect of Form 872-A</u>

Federal income taxes must be assessed within 3 years from the date a return is filed.  Sec. 6501(a).  Petitioner claims the statute of limitations as an affirmative defense in its amended petition.  See Rule 39.  The parties do not dispute the extension of the period of limitations to June 30, 2002, but do dispute whether the Form 872-A executed by the parties extended the period of limitations beyond June 30, 2002.

Petitioner contends that the filing of the Form 872-A extending the period of limitations for assessment was

conditioned on the settlement reached.  Petitioner argues that if the settlement did not occur, the limitations period for assessment expired on June 30, 2002, and section 6501(a) bars the assertion of the deficiencies.

Respondent contends that the Form 872-A, filed by petitioner and accepted by respondent, was unrestricted and extended the period of limitations for assessment, and that, as a consequence, the notice of deficiency was timely.

Form 872-A, in general, is an open-ended extension of the period of limitations for assessment of taxes which, by its terms, provides that it can be terminated by either party's mailing to the other a Form 872-T, Notice of Termination of Special Consent to Extend Time to Assess Tax.  No Form 872-T to terminate the special consent was mailed by either party in the instant case.  Form 872-A also provides that the mailing of a notice of deficiency terminates the extension of time to assess as of 60 days after the period during which the making of an assessment was prohibited because of the deficiency proceedings.

An agreement to extend the period of limitations for assessment and collection is not a contract but a waiver of a defense by the taxpayer.  Stange v. United States, 282 U.S. 270, 276 (1931); Mecom v. Commissioner, 101 T.C. 374, 384 (1993), affd. without published opinion 40 F.3d 385 (5th Cir. 1994); Smith v. Commissioner, T.C. Memo. 1989-87.  Nevertheless,

principles of contract law are significant because section 6501(c)(4) requires the use of a written agreement to extend the period of limitations for assessment. Mecom v. Commissioner, supra.

If a taxpayer wishes to place a condition on a written agreement to extend the period of limitations, the condition must be evidenced by an overt act. For this purpose, unsubstantiated conduct or verbal communications, as in the instant case, are insufficient. See id. at 385; Kronish v. Commissioner, 90 T.C. 684, 693 (1988); Tallal v. Commissioner, 77 T.C. 1291, 1294 (1981).

The Form 872-A executed by the parties was not altered in any way. There were no insertions, additions, or deletions made to the form itself. The fact that petitioner may have intended to condition the special consent does not determine the agreement of the parties. As we stated in Kronish v. Commissioner, supra at 693: "It is the objective manifestation of mutual assent as evidenced by the parties' overt acts, not the parties' secret intentions, that determines whether the parties have made an agreement."

The Form 872-A signed by the parties, standing alone, is unconditional and unrestricted. However, we have held that a cover letter accompanying a Form 872-A may place restrictive conditions on the special consent. See Aronson v. Commissioner,

T.C. Memo. 1991-539, affd. 989 F.2d 105 (2d Cir. 1993); Smith v. Commissioner, supra; Scheuerman v. Commissioner, T.C. Memo. 1984-160.  To effectively condition a special consent, the cover letter must in some way contrast or alter the language of the Form 872-A.  Bellis v. Commissioner, T.C. Memo. 1994-28; Aronson v. Commissioner, supra; Scheuerman v. Commissioner, supra.

In support of its position, petitioner cites Addison H. Gibson Found. v. United States, supra, in which a Federal District Court held that a Form 872, extending the period of limitations on excise taxes, was conditioned on a settlement by the attachment of a cover letter to the Form 872.[3]

Gibson Found. does not support petitioner's position.  In Gibson Found., a suit for refund of both Federal income taxes and Federal excise taxes was filed in Federal District Court.  Id., 71A AFTR 2d at 93-3590, 91-1 USTC at 87,722.  The periods of limitation on both taxes were due to expire on May 15, 1983.  Id., 71A AFTR 2d at 93-3588, 91-1 USTC at 87,720.  The Appeals officer sent two separate Forms 872, one for income tax and one

---

[3]  We are not bound by a District Court's analysis but, because of the reliance placed on Addison H. Gibson Found. v. United States, 71A AFTR 2d 93-3587, 91-1 USTC par. 50,178 (W.D. Pa. 1991), affd. without published opinion 958 F.2d 362 (3d Cir. 1992), in petitioner's argument, we address it in our opinion. See Norwest Corp. & Subs. v. Commissioner, 110 T.C. 454, 503 (1998); A.E. Staley Manufacturing Co. & Subs. v. Commissioner, 105 T.C. 166, 208 (1995), revd. on other grounds and remanded 119 F.3d 482 (7th Cir. 1997); Estate of Schwartz v. Commissioner, 83 T.C. 943, 952 (1984).

for excise tax, which, if signed, extended the periods of limitations for both to December 31, 1983.  Id., 71A AFTR 2d at 93-3589, 91-1 USTC at 87,720.

On April 7, 1983, the taxpayer's attorney in Gibson Found. returned the two executed separate Forms 872 with a cover letter to the Appeals officer which stated:

> The execution and filing of the consents are conditioned upon the following compromise of this case which we agreed to this morning:
>
>> (1) The income tax deficiency under Section 511 will be reduced by the sum of $8374.54 * * *
>>
>> (2) The Foundation agrees to a deficiency of 35% of the Section 4945(a) tax or $14,584.33.

Id., 71A AFTR 2d at 93-3589, 91-1 USTC at 87,720.

One day after the May 15, 1983, period of limitations had expired, unless extended to December 31, 1983, by the Forms 872, the Appeals officer, for some unknown reason, proposed an entirely different settlement of the excise tax; i.e., 65 percent of the excise tax.  Id., 71A AFTR 2d at 93-3589, 91-1 USTC at 87,721.  The Appeals officer, thereafter, refused any attempt to settle the excise tax issue at the amount specified in the taxpayer's cover letter.  Id.

The District Court treated the income tax and excise tax issues separately.  Id., 71A AFTR 2d at 93-3591 to 93-3592, 91-1 USTC at 87,722 to 87,723.  The District Court enforced the settlement on the income tax issue because neither party disputed

the settlement that was reached either prior to or at the time of trial.  Id.

With respect to the excise tax, the District Court held that the cover letter placed a condition on the taxpayer's consent to extend the period of limitations; i.e., settlement of the excise tax issue at 35 percent of the tax claimed.  Id.  The District Court concluded that the period of limitations was not extended because the settlement reached was disputed, and, therefore, the assessment of excise tax was untimely.  Id.

In the instant case, petitioner did not place a condition in the cover letter accompanying the Form 872-A.  The body of petitioner's May 28, 2002, cover letter has previously been quoted in full in this opinion.  There are no statements in the cover letter which alter the language of the Form 872-A or, in any way, condition the special consent.  We hold that the Form 872-A executed by the parties is unconditional and unrestricted.

Therefore, having concluded that a settlement was not reached and that the Form 872-A executed by the parties is unrestricted and unconditioned, we hold, as a matter of law, that the assessment period for petitioner's years at issue remained open with respect to the issues raised in the deficiency notice. Accordingly, petitioner's motion for partial summary judgment is denied, and respondent's motion for partial summary judgment is granted.

In reaching our holding herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Appropriate orders</u>

<u>will be issued</u>.