T.C. Memo. 2013-19

UNITED STATES TAX COURT

ROBERT STUART NAYLOR, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15879-10.                    Filed January 16, 2013.

Robert Stuart Naylor, pro se.

Emily J. Giometti, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

HAINES, Judge:  Respondent determined deficiencies of $56,811 and
$67,107 in petitioner's Federal income tax for 2003 and 2007, respectively.  After
concessions the issues for decision are:  (1) whether petitioner received and failed
to report capital gain income of $25,527 for 2003; (2) whether petitioner may
deduct a charitable contribution carryover of $89,780 for 2003; (3) whether

**[\*2]** petitioner received and failed to report capital gain income of $150,488 for 2007; and (4) whether petitioner is liable for additions to tax pursuant to sections 6651(a)(1)[1] and (2) and 6654(a) for 2003 and 2007.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found.  Those exhibits attached to the stipulations which were found relevant and admissible are incorporated herein by this reference.  At the time petitioner filed his petition, he resided in Ohio.

Petitioner is an attorney admitted to practice before this Court.  In 2003 and 2007 petitioner received various forms of income including capital gain income of $25,527 and $150,488, respectively.  Petitioner failed to timely file his 2003 and 2007 Federal income tax returns.  Petitioner is a habitual nonfiler who also failed to timely file Federal income tax returns for 2000, 2001, 2002, 2004, 2005, 2006, 2008, and 2009.  The only years at issue are 2003 and 2007.  Petitioner having failed to file his 2003 and 2007 Federal income tax returns, respondent, pursuant

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code), as amended and in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  Amounts are rounded to the nearest dollar.

[*3] to the direction and authority specified in section 6020(b)(1), prepared substitutes for returns.

Respondent issued a notice of deficiency dated April 5, 2010, for 2003 determining a deficiency of $56,811, a section 6651(a)(1) addition to tax of $8,111, a section 6651(a)(2) addition to tax of $9,012, and a section 6654(a) addition to tax of $871.  Respondent issued a second notice of deficiency also dated April 5, 2010, for 2007 determining a deficiency of $67,107, a section 6651(a)(1) addition to tax of $8,775, a section 6651(a)(2) addition to tax of $4,095, and a section 6654(a) addition to tax of $1,633.  Petitioner timely petitioned this Court on July 12, 2010. Trial was held on January 9, 2012, in Columbus, Ohio.

The parties were able to reach agreement on most of the issues and the agreement was read into the record during the trial.  The parties agreed that:  (1) petitioner received and failed to report wage income of $95,216 for 2003; (2) petitioner received and failed to report interest income of $1,032 for 2003; (3) petitioner received and failed to report ordinary dividend income of $39,621 for 2003; (4) petitioner received and failed to report qualified dividend income of $28,968 for 2003; (5) petitioner sustained a loss of $12,138 on Schedule E, Supplemental Income and Loss, for 2003; (6) petitioner is entitled to a deduction

**[*4]** on Schedule A, Itemized Deductions, for State and local taxes of $6,236 for 2003; (7) petitioner is entitled to a Schedule A deduction for expenses of $3,120 for 2003; (8) petitioner made payments in the form of withholdings of $20,756 for 2003; (9) petitioner received and failed to report wage income of $7,463 for 2007; (10) petitioner received and failed to report interest income of $12,963 for 2007; (11) petitioner received and failed to report ordinary dividend income of $46,139 for 2007; (12) petitioner received and failed to report qualified dividend income of $44,832 for 2007; (13) petitioner received and failed to report income of $17,900 on Schedule C, Profit or Loss From Business, for 2007; (14) petitioner received Schedule E income with respect to a rental home of $5,684 for 2007; (15) petitioner received and failed to report Schedule E income from royalties of $3,887 for 2007; (16) petitioner sustained a Schedule E ordinary loss with respect to the Naylor Family Partnership of $3,918 for 2007; (17) petitioner sustained a Schedule E real estate loss with respect to the Naylor Family Partnership of $11,007 for 2007; (18) petitioner sustained a Schedule E loss with respect to Interrobang LLC of $748 for 2007; (19) petitioner is entitled a Schedule A deduction for real estate taxes of $6,239 for 2007; (20) petitioner is entitled to a Schedule A deduction for home mortgage interest of $15,130 for 2007; (21) petitioner is entitled to a Schedule A deduction for charitable contributions of

[*5] $960 for 2007; (22) petitioner had withholding tax of $8,109 for 2007; and (23) petitioner made a payment on April 15, 2008, of $20,000 towards his 2007 income tax liability. Additionally, respondent conceded in brief that: (1) petitioner is entitled to a Schedule A general sales tax deduction of $2,621 for 2007; (2) petitioner is entitled to deduct investment interest of $17,352 for 2007; (3) petitioner had three dependent children who resided with him during 2003 and 2007; and (4) petitioner is entitled to married filing jointly filing status for 2003 and 2007. The remaining issues left for consideration are discussed below.

## OPINION

### I.    Burden of Proof

As a general rule, the Commissioner's determinations as set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111 (1933). However, under certain circumstances the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the income tax liability of the taxpayer. Sec. 7491(a)(1).

Section 7491(a)(1) applies only if the taxpayer complies with the relevant substantiation requirements in the Code, maintains all required records, and

[*6] cooperates with the Commissioner with respect to witnesses, information, documents, meetings, and interviews. Sec. 7491(a)(2)(A) and (B). The taxpayer bears the burden of proving compliance with the conditions of section 7491(a)(2)(A) and (B). See, e.g., Ruckriegel v. Commissioner, T.C. Memo. 2006-78. Petitioner neither proposes facts to support his compliance with the conditions of section 7491(a)(2)(A) and (B) nor argues that respondent bears the burden of proof on any issue because of section 7491(a)(1). Accordingly, the burden remains on petitioner to prove that respondent's determination of deficiencies in his income tax is erroneous.

However, the Court of Appeals for the Sixth Circuit, to which an appeal in this case would lie, has determined that in order for the presumption of correctness to attach to a deficiency determination in unreported income cases, the Commissioner must establish some evidentiary foundation connecting the taxpayer to the income-producing activity or demonstrate the taxpayer received unreported income. United States v. Walton, 909 F.2d 915, 918-919 (6th Cir. 1990); see Weimerskirch v. Commissioner, 596 F.2d 358, 361-362 (9th Cir. 1979), rev'g 67 T.C. 672 (1977). Once there is evidence of actual receipt of income by the taxpayer, the taxpayer has the burden of proving that all or part of the income is not taxable. Tokarski v. Commissioner, 87 T.C. 74, 76-77 (1986). A deficiency

**[\*7]** determination that is not supported by some evidentiary foundation is arbitrary and erroneous. Weimerskirch v. Commissioner, 569 F.2d at 362. In these circumstances, the Commissioner has the burden of coming forward with evidence establishing the existence and amount of a deficiency. Jackson v. Commissioner, 73 T.C. 394, 401 (1979).

Respondent has satisfied his initial burden of production with respect to petitioner's 2003 capital gain of $25,527 by providing the Court with an account statement from First Union Securities Pittsburgh, detailing petitioner's 2003 long term capital gains. Respondent has also satisfied his initial burden of production with respect to petitioner's 2007 capital gain of $150,488 by providing the Court with a Form 1099-B, Proceeds from Broker and Barter Exchange Transactions, issued by Wachovia Securities. Respondent having met his initial burden of production, the burden shifts to petitioner to prove the deficiency determination incorrect. See Rule 142(a); Welch v. Helvering, 290 U.S. 111.

[*8] II.      Petitioner's 2003 Capital Gain Net Income

Respondent determined that petitioner received $25,527[2] of capital gain

income in 2003.  Petitioner does not dispute his receipt of this capital gain income

in 2003.  Rather, petitioner contends that he is entitled to a short-term capital loss

carryover deduction of $7,701 and a long-term capital loss carryover deduction of

$13,346.  As a result, petitioner, without explanation, claims that his net capital

gain for 2003 is $7,480.[3]  Petitioner claims these capital loss carryover deductions

stem from his 2000, 2001, and 2002 Federal income tax returns.  Specifically,

petitioner claims a computational error in which $630 of capital gain income on a

Schedule K-1, Partner's Share of Income, Deductions, Credits, etc., issued to

petitioner from Heinhold Futures Fund was inadvertently included on his 2000

return as a capital loss.  Petitioner also claims a $14,452 capital loss on his 2000

return from a Schedule K-1 issued to him by the Naylor Family Partnership.

Petitioner goes through a lengthy step-by-step process in which this computational

---

[2]There is a small dispute as to whether petitioner received $25,527 or
$25,547 of capital gain income in 2003.  This dispute results from petitioner's sale
of stock in Agere Systems.  Respondent in brief has conceded that the capital gain
income is $25,527.

[3]Petitioner's calculation should yield a 2003 capital gain of $4,480.  Without
further explanation we make no assumption as to how petitioner concluded that he
realized a $7,480 capital gain for 2003.

**[*9]** error and capital loss allegedly flow through to his 2001 return, his 2002 return, and finally his 2003 return, all the while adding in additional capital gains and losses from Schedules K-1 issued to him in 2001 and 2002 to reach the claimed capital loss carryover deductions for 2003.

We must determine whether petitioner has substantiated these capital loss carryovers. Petitioner attempts to do so with old tax returns, specifically his 2000, 2001, and 2002 Federal income tax returns, which list short-term and long-term capital loss carryovers,[4] and Schedules K-1 issued to petitioner in 2000, 2001, and 2002. We have previously held that a taxpayer's returns do not substantiate deductions or losses because they are nothing more than statements of his claims. Wilkinson v. Commissioner, 71 T.C. 633, 639 (1979); Roberts v. Commissioner, 62 T.C. 834 (1974); Baker v. Commissioner, T.C. Memo. 2008-247. The same rules apply to the Schedules K-1 that petitioner offered to substantiate the purported losses from his family passthrough businesses; they, too, are only statements of his claims, not proof of them. See Baker v. Commissioner, T.C. Memo. 2008-247; LeBouef v. Commissioner, T.C. Memo. 2001-261. Without actual substantiation of the original losses which led to the claimed 2003 capital

_____

[4]We note that there is no proof that any of these tax returns have been filed with the Internal Revenue Service.

**[*10]** loss carryovers, we cannot allow petitioner's 2003 capital loss carryover deductions. Thus we hold for respondent and find that petitioner had $25,527 of net capital gain income in 2003.

III.    Petitioner's Claimed 2003 Charitable Contribution Deduction Carryover

Petitioner claims that he is entitled to a Schedule A charitable contribution deduction carried over from his 2002 Federal income tax return. This deduction allegedly flows through to petitioner from a charitable contribution made by Midway Industrial Campus, Co., Ltd, an Ohio limited liability company, to the Naylor Family Partnership, an Ohio general partnership, of which petitioner is a partner.

Petitioner bears the burden of proving that he was entitled to claim a charitable contribution deduction for 2002 and that the deduction could not be fully used in 2002 and thus may be carried over to his 2003 tax year. We find that petitioner has not carried his burden of proof with respect to the claimed charitable contribution deduction.

Section 170(a) allows a deduction for charitable contributions made within the taxable year. Section 170(d)(1) provides that if the amount of a charitable contribution made within a taxable year exceeds 50% of the taxpayer's

[*11] "contribution base" for that year,[5] any excess contribution is to be treated as a charitable contribution paid in each of the five succeeding taxable years in order of time, according to a formula.[6]

Before the trial petitioner provided respondent with unfiled Forms 1040, U.S. Individual Income Tax Return, relating to the taxable years 2000 through 2009. Respondent at trial and in brief contends that petitioner has not filed any tax

---

[5]A taxpayer's contribution base is the taxpayer's adjusted gross income calculated without regard to any net operating loss carryback under sec. 172. Sec. 170(b)(1)(G).

[6]Sec. 170(d)(1)(A) requires that the carryover contribution amount be the lesser of:

 (i) the amount by which 50 percent of the taxpayer's contribution base for such succeeding taxable year exceeds the sum of the charitable contributions described in subsection (b)(1)(A) payment of which is made by the taxpayer within such succeeding taxable year (determined without regard to this subparagraph) and the charitable contributions described in subsection (b)(1)(A) payment of which was made in taxable years before the contribution year which are treated under this subparagraph as having been paid in such succeeding taxable year; or

 (ii) in the case of the first succeeding taxable year, the amount of such excess, and in the case of the second, third, fourth, or fifth succeeding taxable year, the portion of such excess not treated under this subparagraph as a charitable contribution described in subsection (b)(1)(A) paid in any taxable year intervening between the contribution year and such succeeding taxable year.

**[*12]** returns with the Internal Revenue Service (IRS) for 2000 through 2009. As evidence for respondent's contention, respondent introduced into evidence tax transcripts dated January 10, 2011, for petitioner's 2002, 2003, 2006, and 2007 tax years. According to the tax transcripts as of January 10, 2011, petitioner had not filed tax returns with the IRS for the years 2002, 2003, 2006, and 2007. Petitioner attached to his reply brief account transcripts for the years 2000 through 2003 and 2007 which indicate that petitioner filed Federal income tax returns with the IRS for 2000, 2001, 2002, 2003, and 2007 in 2011. These documents were not offered into evidence. Documents attached to a party's brief are not evidence. Rule 143(c). And we will not consider them. See Perkins v. Commissioner, 40 T.C. 330, 340 (1963); Godwin v. Commissioner, T.C. Memo. 2003-289, aff'd, 132 Fed. Appx. 785 (11th Cir. 2005). Petitioner, having failed to prove that he filed a 2002 Federal income tax return, has no charitable contribution deduction to carry over to his 2003 tax year. Thus we rule in favor of respondent on this issue and deny petitioner's claimed charitable contribution deduction carried over to 2003.

IV.    Petitioner's 2007 Capital Gain Net Income

Respondent determined that petitioner realized $150,488 of capital gain income in 2007 from the sale of various securities, including $54,953 of proceeds from the sale of stock in National City Corp. Petitioner argues that he recognized

**[\*13]** only $125,032 of capital gain income in 2007 from the sales of these securities. The discrepancy between respondent and petitioner's capital gain income calculations stems from the sale of the shares of stock in National City Corp. Respondent and petitioner agree that petitioner received $54,953 in proceeds from the sale. However, they disagree as to petitioner's basis in the shares of stock in National City Corp. Petitioner claims to have had a $25,456 basis in the shares while respondent argues petitioner had a zero basis in the shares. The only evidence in the record is a Form 1099-B issued by Wachovia Securities. The Form 1099-B shows petitioner having a zero basis in the shares of stock. Petitioner argues that respondent has failed to offer evidence to rebut his claim that he had a $25,246 basis in the shares of stock. The burden of proof is on petitioner, not respondent; thus petitioner must produce evidence that he had a $25,246 basis in the shares of stock. Petitioner has failed to produce any evidence to support his claim. The only evidence petitioner points to is an attachment to his reply brief of a letter sent to respondent claiming he purchased the shares of stock for $12.69 per share.

These documents attached to petitioner's reply brief were not offered into evidence. Documents attached to a party's brief are not evidence. Rule 143(c). And we will not consider them. See Perkins v. Commissioner, 40 T.C. at 340;

**[\*14]** <u>Godwin v. Commissioner</u>, T.C. Memo. 2003-289. Moreover, petitioner has failed to substantiate the information in the letter he points to as evidence. We hold for respondent and find that petitioner had a zero basis in his shares of stock of National City Corp. As a result, petitioner had $150,488 of capital gain income for 2007.

## V. <u>Additions to Tax</u>

Respondent bears the burden of production with regard to the additions to tax. <u>See</u> sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446-447 (2001). To meet this burden, respondent must produce sufficient evidence establishing that it is appropriate to impose the additions to tax. <u>See</u> <u>Higbee v. Commissioner</u>, 116 T.C. at 446. However, respondent does not have to produce evidence of substantial authority, lack of reasonable cause, or lack of willful neglect. <u>See</u> <u>id.</u> at 447; <u>Davis v. Commissioner</u>, 81 T.C. 806, 820 (1983), <u>aff'd without published opinion</u>, 767 F.2d 931 (9th Cir. 1985).

### A. <u>Section 6651(a)(1)</u>

Section 6651(a)(1) imposes an addition to tax for failure to file a return on time in the amount of 5% of the tax required to be shown on the return for each

[*15] month during which such failure continues, not to exceed 25% in the aggregate.[7]  The penalty will not apply if it is show that such failure is due to reasonable cause and not due to willful neglect.  Sec. 6651(a)(1).

Respondent satisfied his burden of production under section 7491(c) by introducing into evidence, tax transcripts for petitioner's 2003 and 2007 tax years.  These transcripts confirm that petitioner did not timely file his 2003 and 2007 tax returns.  Respondent has thus met his burden of production.  See Wheeler v. Commissioner, 127 T.C. 200, 207-208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008).  Accordingly, petitioner was required to introduce evidence to prove that his failure to file a valid return was due to reasonable cause and not due to willful neglect.  See sec. 6651(a)(1); Rule 142(a).  Petitioner did not argue that his failure to file a valid return was due to reasonable cause, and he presented no credible evidence on the issue.  Accordingly, we hold that petitioner is liable for the addition to tax under section 6651(a)(1).

B.      Section 6651(a)(2)

Section 6651(a)(2) provides for an addition to tax of 0.5% per month up to 25% for failure to pay timely the amount shown on a return unless it is shown that

---

[7]The sec. 6651(a)(1) addition to tax is reduced by the amount of the sec. 6651(a)(2) addition to tax for any month (or fraction thereof) to which an addition to tax applies under both sec. 6651(a)(1) and (2).  See sec. 6651(c)(1).

[*16] the failure is due to a reasonable cause and not due to willful neglect. The section 6651(a)(2) addition to tax applies only when an amount of tax is shown on a return. Cabirac v. Commissioner, 120 T.C. 163, 170 (2003). Petitioner did not file a 2003 or a 2007 return. However, respondent prepared substitutes for returns under section 6020(b) for both 2003 and 2007. A proper return made by the Secretary under section 6020(b) is treated as a return filed by the taxpayer for purposes of determining whether the section 6651(a)(2) addition to tax applies. Sec. 6651(g)(2); Wheeler v. Commissioner, 127 T.C. at 208-209.

Where the taxpayer did not file a valid return, to satisfy his burden of production for the section 6651(a)(2) addition to tax the Commissioner must introduce evidence that he prepared a substitute for return satisfying the requirements under section 6020(b). Wheeler v. Commissioner, 127 T.C. at 209. Respondent satisfied this burden by introducing into evidence IRC Section 6020(b) ASFR Certifications for petitioner's 2003 and 2007 tax years. See Oman v. Commissioner, T.C. Memo. 2010-276; see also Albury v. Commissioner, T.C. Memo. 2011-107. Consequently, petitioner had the burden of introducing evidence to show that his failure to pay timely was due to reasonable cause. He did not do so. Petitioner did not advance any argument regarding the section 6651(a)(2) addition to tax and introduced no credible evidence to show reasonable cause for

**[*17]** his failure to pay timely the tax shown on the returns. Accordingly, we sustain respondent's determination with respect to the addition to tax under section 6651(a)(2).

C.     Section 6654

Section 6654(a) imposes an addition to tax where prepayments of tax, either through withholding or by making estimated quarterly tax payments during the course of the year, do not equal the percentage of total liability required under the statute. However, the addition to tax will not apply if one of the several statutory exceptions applies. See Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

The section 6654(a) addition to tax is calculated by applying the section 6621 underpayment interest rate to the amount of each underpayment from the due date of each installment until April 15 following the close of the taxable year (for calendar year taxpayers). Sec. 6654(a), (b)(2). The amount of each underpayment is the amount of "the required installment" less "the amount (if any) of the  installment paid on or before the due date for the installment." Sec. 6654(b)(1). The "required installment" is due at four times during the year and is 25% of the "required annual payment." Sec. 6654(c)(1), (d)(1)(A). For individual taxpayers whose adjusted gross income for the taxable year is $150,000 or less, a "required annual payment" is equal to

**[\*18]** the lesser of--

        (i) 90 percent of the tax shown on the return for the taxable year (or, if no return is filed, 90 percent of the tax for such year), or

        (ii) 100 percent of the tax shown on the return of the individual for the preceding taxable year.

Clause (ii) shall not apply if the preceding taxable year was not a taxable year of 12 months or if the individual did not file a return for such preceding taxable year.

Sec. 6654(d)(1)(B) and (C). Unless a statutory exception applies, the section 6654(a) addition to tax is mandatory. Sec. 6654(a), (e); Recklitis v. Commissioner, 91 T.C. 874, 913 (1988). Section 6654 does not provide a general exception for reasonable cause or absence of willful neglect. Grosshandler v. Commissioner, 75 T.C. at 21.

To meet his burden of production with regard to the section 6654(a) addition to tax, respondent must at a minimum produce evidence necessary to enable the Court to conclude that petitioner had a required annual payment for 2003 and 2007. See Wheeler v. Commissioner, 127 T.C. at 211.

        1.     2003 Tax Year

Petitioner did not file his 2002 tax return, had insufficient Federal income tax withheld by his employer for his 2003 tax year, made no estimated tax

**[\*19]** payments for 2003, and does not qualify for any of the exceptions listed in section 6654(e). Thus, respondent has met his burden of production establishing that petitioner had a required estimated tax payment for 2003. Because petitioner failed to file a Federal income tax return for 2002, his required annual payment of estimated tax for 2003 was 90% of his tax for that year. See Wheeler v. Commissioner, 127 T.C. at 211-212. We sustain the addition to tax under section 6654(a) for petitioner's 2003 tax year.

2.      2007 Tax Year

Petitioner did not file his 2006 tax return, had insufficient Federal income tax withheld by his employer for his 2007 tax year, made no estimated tax payments for 2007, and does not qualify for any of the exceptions listed in section 6654(e). Thus, respondent has met his burden of production establishing that petitioner had a required estimated tax payment for 2007. Because petitioner failed to file a Federal income tax return for 2006, his required annual payment of  estimated tax for 2007 was 90% of his tax for that year. See Wheeler v. Commissioner, 127 T.C. at 211–212. We sustain the addition to tax under section 6654(a) for petitioner's 2007 tax year.

**[\*20]** In reaching our holdings herein, we have considered all arguments made, and, to the extent not mentioned above, we conclude they are moot, irrelevant, or without merit.

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.