Stanley J. and Mary C. SMACZNIAK,
Petitioners–Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 91–4445.

United States Court of Appeals,
Fifth Circuit.

June 30, 1993.

Marvin S. Sloman, Jeffrey S. Levinger, William D. Underwood, Carrington, Coleman, Sloman & Blumenthal, L.L.P., Dallas, TX (Court–Appointed not under Act), for petitioners-appellants.

Abraham N.M. Shashy, Jr., Chief Counsel, IRS, Joel A. Rabinovitz, Gary R. Allen, Chief Appellate Sec., Ann B. Durney, Shirley D. Peterson, Asst. Atty. Gen., Tax Div., Dept. of Justice, Washington, DC, for respondent-appellee.

Before POLITZ, Chief Judge, and KING and DUHÉ, Circuit Judges.

PER CURIAM:

Stanley and Mary Smaczniak, husband and wife, appeal from the Tax Court's judgment against them. After careful consideration of all of the issues in this case, we reverse the judgment of the Tax Court and remand for further proceedings not inconsistent with this opinion.

## I.

In 1986, the Internal Revenue Service (IRS) sent Stanley Smaczniak a notice of deficiency for the tax years of 1980–83. The IRS claimed that Mr. Smaczniak had never filed any tax returns for those years. The notice of deficiency included the amounts of the unpaid taxes, interest, additions, and penalties for failure to file the returns in a timely manner. In response, Mr. Smaczniak filed a *pro se* suit in the Tax Court, claiming not only that he had filed tax returns for all four tax years, but also that the IRS owed him a tax refund in view of allegedly excess withholding taxes and other credits due to him. That litigation was dismissed by the Tax Court as a result of Mr. Smaczniak's failure both to prosecute and to comply with the procedural rules of the Tax Court. Appeal was taken to this court, which affirmed the judgment of the Tax Court. That judgment has long since become final.

However, during the pendency of that appeal, the IRS accepted copies of joint tax returns purportedly filed by Mr. and Mrs. Smaczniak for the tax years of 1980–83.[1] Although the IRS did not concede that the joint returns had been timely filed as the Smaczniaks claimed they had been, the IRS nevertheless voluntarily "redetermined" the amount of Mr. Smaczniak's tax liability from 1980–83 based on information contained in the joint tax returns belatedly offered. In so doing, the Government considerably reduced Mr. Smaczniak's cumulative tax bill for those four years. However, the IRS did not award Mr. Smaczniak full credit for all of the overpaid withholdings that he and Mrs. Smaczniak had made during the 1980–83 period.[2] In particular, the IRS denied Mr. Smaczniak credit for an overpayment from 1981 on the ground that the Smaczniaks were barred by the applicable statute of limitations. The IRS also refused to waive the penalties and additions assessed for the failure to file the returns in a timely fashion and continued to demand interest for a certain portion of the taxes.[3] The IRS also refused Mr. Smaczn-

1. Although Mr. Smaczniak was the only named petitioner in that litigation, he claimed that he had filed joint returns on behalf of himself and his wife during the tax years of 1980–83.

2. We observe that the IRS was under no obligation to redetermine Mr. Smaczniak's tax liability for the 1980–83 period. Rather, it did so apparently out of a commendable sense of fairness.

3. The following chart summarizes the original amounts that the IRS claimed were due from Mr. Smaczniak:

| YEAR | DEFICIENCY | PENALTIES/ADDITIONS | WITHHOLDING |
|------|-----------|---------------------|-------------|
| 1980 | $4,300.42 | $1067.63 | n/a |
| 1981 | $1,385 | $278.75 plus 50% interest on $838.00 | n/a |
| 1982 | $7,402 | $2,295.30 plus 50% interest on $4,740.00 | n/a |
| 1983 | $4,501 | $1,026.11 plus 50% interest on $3,204.25 | n/a |

\* \* \* \* \* \*

The Tax Court's order dismissing the first litigation incorporated these figures, although the order noted that "[t]hese amounts do not take into account prepayments by petitioner through withholding." At the time of the dismissal, Mr. Smaczniak had not proven that any amounts were withheld during those years.

The following chart summarizes the "redetermined" amounts assessed against Mr. Smaczniak based on the copies of the joint returns offered after the dismissal by the Tax Court:

| YEAR | DEFICIENCY | PENALTIES/ADDITIONS | WITHHOLDING |
|------|-----------|---------------------|-------------|
| 1980 | $2,559 | $342.64 | $1,704.23 |
| OUTSTANDING LIABILITY: $1,197.41 | | | |
| 1981 | $531 | 0 | $1,110.16 |
| EXCESS WITHHOLDING: $579.16 (barred by statute of limitations) | | | |
| 1982 | $1,114 | 0 | $3,183.09 |
| EXCESS WITHHOLDING: $2,069.09 (not barred by statute of limitations) | | | |
| 1983 | $2,092 | $201.22 plus 50% interest on $386.49 | $1,705.51 |
| OUTSTANDING LIABILITY: $587.71 + 50% interest on $386.49 | | | |

\* \* \* \* \* \*

iak's request that he be given tax credit for Veterans' Administration benefits that were allegedly wrongfully withheld from Mr. Smaczniak.

In 1989, the IRS sent another notice of tax deficiency, this time to both Mr. and Mrs. Smaczniak, for the tax years of 1984–87.[4] The Smaczniaks proceeded to file suit, again in a *pro se* capacity, in the Tax Court.[5] By the time of trial, the IRS and the Smaczniaks reached an agreement regarding the amount of the Smaczniaks' tax liability for the tax years of 1984–87; it was determined that the Smaczniaks were in the black, rather than in the red, for those three tax years.[6] Howev-er, rather than refunding to the Smaczniaks the full amount of the overpaid taxes, the IRS, pursuant to Treasury Regulation, § 301.6402–3(a)(6), applied a portion of the cumulative excess for the 1984–87 period to Mr. Smaczniak's outstanding tax liability of $1,618.66 for the 1980 tax year and $941.64 for the 1983 tax year.[7] Although it is not entirely clear, the IRS, in crediting those amounts, appears to have calculated Mr. Smaczniak's outstanding tax deficiencies for 1980 in part based on the original amounts determined by the IRS and accepted by the Tax Court in dismissing the original litigation.[8] The IRS apparently based Mr.

---

The IRS refused to credit Mr. Smaczniak with the $579.16 in overpayment for 1981 on the ground that any credit was barred by the statute of limitations. $803.89 of the $2,069.09 in over-payment for 1982—which was not barred by the statute of limitations—was credited towards Mr. Smaczniak's outstanding liability for 1980. The remaining $1,266 was refunded, along with in-terest, to Mr. Smaczniak.

4. That notice claimed that the Smaczniaks owed approximately $9,000, plus interest, in total tax-es, penalties, and additions for the years of 1984–87.

5. Because of the complexity of some of the issues presented here and at the request of the Smaczn-

iaks, this court appointed counsel to represent the Smaczniaks on appeal. Appointed counsel's representation, however, was limited to the is-sues of: i) whether the prior Tax Court judgment was res judicata, and ii) whether this court and the Tax Court would possess jurisdiction to reas-sess the Smaczniaks' tax liability for prior years not listed in the IRS's notice of deficiency, issues discussed *infra*. Counsel's excellent briefing and presentation at oral argument have been ex-tremely helpful to our resolution of these issues on appeal.

6. The following chart summarizes the agreed-upon liability:

| YEAR | DEFICIENCY | PENALTIES/INTEREST/ADDITIONS | WITHHOLDING |
|------|------------|------------------------------|-------------|
| 1984 | $0 | $0 | $1,131.75 |
| 1985 | $0 | $0 | $1,879.75 |
| 1986 | $1,307 | $0 | $1,081.56 |
| 1987 | $236 | $0 | $1,026.02 |

The IRS also determined that the Smaczniaks should be credited with a $375 investment tax credit for the tax year of 1984, which was carried back to the 1981 tax year.

7. The IRS has abandoned its original claim that Mr. Smaczniak has any outstanding liabilities for the 1981 and 1982 tax years.

8. In supplemental briefing, the IRS states that Mr. Smaczniak's total 1980 liability, following the "redetermination," was computed as follows:
i) $2,559.00 in "redetermined" tax liability,
ii) $214.69 as a late filing penalty,
iii) $127.95 as a negligence penalty, and
iv) $1,224.34 in interest.
Thus, the total amount owed for 1980, according to the IRS, was $4,125.98. When that amount was offset by the $1,704.23 in "redetermined" withheld income, the net tax liability for 1980 was determined to be $2,421.75. It was that figure which the IRS has used in crediting the Smaczniaks' excesses from subsequent tax years towards Mr. Smaczniak's 1980 outstanding tax liability. The Smaczniaks dispute only the IRS's computation of the $1,224.34 in interest noted above. In particular, they claim that the amount appears to be contrived and has no apparent mathematical basis with respect to the "redeter-mined" amounts for 1980.

Based on the present state of the record, we are unable to determine whether the $1,224.34 figure is in fact correct. In particular, we are unable to determine whether the amount of "re-determined" underpaid taxes for 1980 could have resulted in such a large amount of interest. It may be that the IRS calculated the interest based on the originally-determined amount of unpaid taxes for 1980 rather than the "redeter-mined" amount. Because the parties have not provided this court with sufficient information to make that determination, we leave that question of how much interest is due on the 1980 unpaid taxes for the Tax Court on remand. In view of our holding in *infra* Part II., if indeed the IRS determined the interest rate based on the origi-nally-determined amount of unpaid taxes, the Tax Court should recalculate the interest due based on the "redetermined" amount of Mr. Smaczniak's unpaid taxes for 1980.

Smaczniak's outstanding 1983 liability entirely on the "redetermined" figures.[9] The balance of the cumulative excess from the tax years of 1984–87, together with interest, was refunded to the Smaczniaks.

In the Tax Court, the Smaczniaks challenged the IRS's decision regarding the disposition of the excess taxes that were paid during the 1984–87 period—in particular, the IRS's decision to apply a portion of the excess to Mr. Smaczniak's outstanding tax liability for the 1980–1983 tax period based on the original determinations of Mr. Smaczniak's tax liability for those years. The Smaczniaks also complained that an alleged overpayment in taxes from the 1979 tax year and Mr. Smaczniak's allegedly wrongfully withheld Veteran's Administration benefits should be applied toward the Smaczniaks' tax bill.

The Tax Court rejected all of the Smaczniaks' arguments. Regarding the claim that the IRS had erroneously applied the tax excess from the 1984–87 period to the originally-determined tax liability for 1980 and 1983, the court held that:

> Petitioners' dispute appears to be with respect to the tax liabilities for 1980 through 1983. Our Order and Decision [accepting the original determinations by the IRS] was entered in that case on April 14, 1988, and was affirmed by a judgment of the Court of Appeals for the Fifth Circuit filed April 26, 1989. That judgment is long since final.... Petitioners cannot seek a review of that proceeding in this case.

That is, the Tax Court in effect held that the Smaczniaks could not rely on the "redetermined" amounts and were bound by the original determinations. Accordingly, the court held that, while the Smaczniaks owed no taxes for the years of 1984–87, the Smaczniaks were not entitled to any additional refunds based on their overpayment of taxes between 1984–87. The court thus approved of the IRS's decision to apply a portion of the overpaid taxes during 1984–87 to Mr. Smaczniak's outstanding tax liabilities for the 1980–83 period. This appeal ensued.

## II.

On appeal, the Smaczniaks argue that the Tax Court erred by applying a portion of their 1984–87 tax excess to the originally-determined amount of Mr. Smaczniak's liability for those years instead of the "redetermined" tax deficiency for the 1980–83 period.[10] The Smaczniaks also argue that they should have the opportunity to relitigate the questions of: i) whether they should be given credit for alleged prepayments of taxes between 1979–1983; and ii) whether in fact the Smaczniaks filed tax returns in a timely manner between 1980–83. If it were determined that indeed the Smaczniaks timely filed returns during those years, they argue, then the other penalties and additions assessed against Mr. Smaczniak by the IRS would not have been proper.

The IRS contends that the Smaczniaks' arguments are foreclosed under 26 U.S.C. § 6214(b), the jurisdictional provision governing the Tax Court.[11] In particular, the

---

**9.** According to the figures supplied by the parties, after the "redetermination," the IRS charged Mr. Smaczniak with a net outstanding tax liability of $587.71 added to 50% interest on $386.49—plus total accrued interest—for the 1983 tax year. The IRS later applied $941.64 of the Smaczniaks' 1984–87 overpayments to Mr. Smaczniak's outstanding 1983 liability, which presumably represented the total remaining liability for the 1983 tax year.

**10.** In a related argument, the Smaczniaks argue that the $809.09 in overpayment from Mr. Smaczniak's 1982 tax year, as computed in the "redetermined" amount, was improperly credited toward Mr. Smaczniak's outstanding 1980 tax liability. Because that particular credit was from an overpayment from 1982, that question is not within the jurisdiction of this court, as it was

not within the jurisdiction of the Tax Court in this litigation, which concerns the tax period of 1984–87. *See* 26 U.S.C. § 6214(b) (Tax Court only has jurisdiction over tax years covered in the IRS's notice of deficiency).

**11.** That statute provides that:

> § 6214. **Determinations by Tax Court**
>   \* \* \* \* \* \*
> (b) Jurisdiction over other years and quarters.—The Tax Court in redetermining a deficiency of income tax for any taxable year ... shall consider such facts with relation to the taxes for other years ... as may be necessary correctly to redetermine the amount of such deficiency, *but in so doing shall have no jurisdiction to determine whether or not the tax for any other year ... has been overpaid or underpaid.* (emphasis added).

IRS argues that the Tax Court (and thus this court) would lack jurisdiction to determine the Smaczniaks' liability for any tax years except those in the notice of deficiency that led to the instant litigation—which only concerned the tax years of 1984–87. Alternatively, the IRS argues that res judicata applies to this case and, thus, the Smaczniaks may not attempt to relitigate Mr. Smaczniak's liability for the 1980–1983 period even if the Tax Court would have possessed jurisdiction to do so.

**A. Did the Tax Court err by giving preclusive effect to its original judgment despite the IRS's voluntary "redetermination" of Mr. Smaczniak's tax liability for 1980–83 after the Tax Court's dismissal?**

In the instant case, the Tax Court gave preclusive effect to its earlier decision that accepted the amounts of deficiencies, penalties, and additions comprising Mr. Smaczniak's tax liability for the years 1980–83, as determined by the IRS in its notice of deficiency for those four years. *See supra* Part I. Although the instant case is a distinct litigation from the prior Tax Court case involving Mr. Smaczniak's tax liability for the years 1980–83, in essence, the central issue in this case concerns Mr. Smaczniak's tax liability during those years. The only reason that the 1984–87 tax period is at issue in this litigation is because the IRS applied a portion of the Smaczniaks' overpayment during the latter tax period to the former tax period.[12]

Ordinarily, we would hold that, in such a case, a prior final adjudication on the merits—such as the Tax Court's dismissal of Mr. Smaczniak's first case[13]—would be res judicata of the same claim if raised in a subsequent litigation. *See Commissioner v. Sunnen*, 333 U.S. 591, 598, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948) ("[I]f a claim of liability or non-liability relating to a particular tax year is litigated, a judgment on the merits is *res judicata* as to any subsequent proceeding involving the same claim and the same tax year."). However, we believe that we must make an exception in the instant case in view of the IRS's voluntary "redetermination" of Mr. Smaczniak's tax liability for the years 1980–83.

Although we have located no authority directly on point, we believe that common sense requires that the IRS may not rely on a prior judgment of a court regarding a taxpayer's deficiency when the IRS has, subsequent to that court's judgment, voluntarily redetermined the amount of the taxpayer's deficiency. Res judicata is an affirmative defense, which can be waived. *See* FED.R.CIV.P. 8(c); *see also Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 172 (5th Cir. 1985). By voluntarily redetermining Mr. Smaczniak's tax liability, the IRS in effect waived its right to rely on Mr. Smaczniak's liability as originally determined by the Tax Court.[14] Furthermore, by in effect conced-

---

*See also* MERTENS LAW OF FEDERAL INCOME TAX § 50.-38, at 72 (1992).

**12.** We thus disagree with the Smaczniaks' assertion that "the prior litigation addressed Mr. Smaczniak's tax liability for 1980 through 1983. This litigation, in contrast, involved the Smaczniaks' joint tax liability for 1984 through 1987."

**13.** Although that dismissal was for want of prosecution and Mr. Smaczniak's failure to abide by the procedural rules of the Tax Court, the Tax Court's dismissal operated as an adjudication on the merits. *See* TAX COURT RULE 123(d); *cf.* FED. R.CIV.P. 41(b).

**14.** We qualify our holding regarding waiver in three significant respects. First, we do not hold that a "redetermination" by the IRS following a decision by a court in a tax case must be given effect by a subsequent court in all cases. Rather, we simply hold that where the IRS and a taxpay-

er *agree* on a "redetermination," their agreement should supersede the prior judgment for purposes of res judicata. Second, if such an agreement is entered into, the IRS has a right to stipulate therein that any redetermination will have no effect on the IRS's right to assert the original judgment as res judicata in any subsequent suit brought by the taxpayer. In the instant case, the IRS did not so stipulate.

Finally, we believe that such voluntary redeterminations and the waiver that may result therefrom may be limited to specific portions of a taxpayer's outstanding liability for taxes during a specific period. For instance, in the instant case, the IRS never waived its right to rely on the previously adjudicated finding that Mr. Smaczniak's tax returns for the 1980–83 period were not filed in a timely manner. Thus, the fact that no returns were filed in a timely manner between 1980–83—and the IRS's consequent right to seek penalties and additions—*is* res judicata and has not been waived by the IRS.

ing that the deficiencies and additions to tax which were accepted by the Tax Court were erroneous, the IRS has effected something sufficiently akin to a "subsequent modification of the significant facts" so as to render res judicata inapplicable. *Sunnen,* 333 U.S. at 599, 68 S.Ct. at 720. We thus believe that the Tax Court erred in giving preclusive effect to the prior Tax Court decision. Instead, the Tax Court should have looked to the redetermined tax liability of Mr. Smaczniak for the tax years of 1980–83, since the redetermination in effect superseded the Tax Court's original decision.

We thus remand to the Tax Court so that it may reapply the Smaczniaks' overpaid taxes from the 1984–87 period to the IRS's "redetermination" of Mr. Smaczniak's tax deficiency for 1980–83.[15]

**B. Does the Tax Court possess jurisdiction to reassess the Smaczniaks' liability for 1979–83?**

■ In addition to arguing that the Tax Court should have looked to the "redetermined" deficiencies for the tax years 1980–83 rather than the originally assessed deficiencies, the Smaczniaks argue that the Tax Court also should have removed the various penalties and additions that were assessed against Mr. Smaczniak for his allegedly untimely filing of the tax returns for 1980–83. The Smaczniaks are adamant that they in fact filed returns all four years in a timely fashion. Thus, they argue, any penalties or additions—even those "redetermined" by the IRS—should not have been assessed. They also seek to prove that an alleged 1979 overpayment should have been carried forward to the 1980–83 tax period. Therefore, they seek to re-open the prior Tax Court proceedings, which concerned the 1980–83 tax period, in order to further reduce the amount of their 1984–87 overpayment that the IRS has

a right to credit towards Mr. Smaczniak's outstanding 1980 and 1983 tax liabilities.

26 U.S.C. § 6214(b) limits the Tax Court's jurisdiction to redetermine a deficiency assessed by the IRS only to deficiencies for taxable years included in the IRS's notice of deficiency sent to the taxpayer, which formed the basis of the Tax Court suit. *See generally* MERTENS LAW OF FEDERAL INCOME TAX § 50.38, at 72 (1992) (collecting cases). In the instant case, the notice of deficiency concerns only the tax years of 1984–87. The IRS argues that the Smaczniaks' arguments here fail because the Tax Court in this case would have had no jurisdiction to reassess Mr. Smaczniak's 1979–83 tax liability. We agree. The Tax Court thus has no authority to re-open the prior proceedings. As discussed above, it must limit its application of the 1984–87 overpayment to the amount of Mr. Smaczniak's outstanding 1980 and 1983 tax liability that has already been redetermined by the IRS.

**C. Did the IRS and the Tax Court properly consider *Mrs.* Smaczniak's liability, if any, for *Mr.* Smaczniak's 1980 and 1983 tax liabilities?**

One final matter must be addressed. The IRS and Tax Court applied Mr. and Mrs. Smaczniaks' *joint* overpayment for the 1984–87 tax period towards *Mr.* Smaczniak's 1980 and 1983 tax liabilities. On appeal, the issue was raised about whether the IRS was authorized unilaterally to credit a joint overpayment by a married couple toward the outstanding prior tax liability of only one of the spouses. That issue has not been adequately briefed on appeal. Accordingly, upon remand, the Tax Court should inquire into the legality of this procedure under both federal tax law and Texas' marital property law.[16]

**15.** As we discussed in *supra* note 8, it appears that the IRS may have only applied the 1984–87 overpayments to Mr. Smaczniak's outstanding *1980* liability, as originally determined by the IRS—and only to the *interest* owed on Mr. Smaczniak's 1980 outstanding tax liability, as opposed to the underpaid taxes and penalties. If in fact the IRS's calculation of the $1,224.34 in interest due was based on the "redetermined" figures for 1980, then the Tax Court's mistaken

holding regarding the preclusive effect of its earlier decision is obviously harmless and the Government was thus correct in applying the Smaczniaks' 1984–87 excess as it did. We leave the resolution of this question to the Tax Court.

**16.** We finally note that we summarily reject all of the other claims and arguments made by the Smaczniaks in their *pro se* legal papers. Such arguments—including the standard "tax protes-

### III.

For the foregoing reasons, we REVERSE the judgment of the Tax Court and REMAND for further proceedings not inconsistent with this opinion.

tor" claims, the argument that allegedly wrongfully withheld VA benefits should be credited toward taxes, and implications at various times that a governmental conspiracy exists against the Smaczniaks—are patently frivolous. Although courts generally must show solicitude towards *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), such care is not an invitation for absurdity. Although tempting, we will forego the imposition of sanctions against the Smaczniaks on this appeal. However, we issue the stern warning that any further pleadings of the tenor of those pro se papers filed in this seemingly never-ending litigation will most certainly be sanctioned in any subsequent proceeding.