T.C. Memo. 2017-106

UNITED STATES TAX COURT

CATHERINE ANN RIGGINS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 2784-15.                    Filed June 8, 2017.

Catherine Ann Riggins, pro se.

<u>Michelle M. Robles</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PUGH, <u>Judge</u>:  In a notice of deficiency respondent determined a deficiency
of $45,310 and additions to tax of $10,194.75, $4,984.10, and $812.32 pursuant to
sections 6651(a)(1) and (2) and 6654(a), respectively, with respect to petitioner's

[*2] 2012 tax year.[1]  At trial petitioner filed a motion in limine to preclude the admission of certain evidence.  The issues for decision are:  (1) whether petitioner's motion in limine should be granted; (2) whether petitioner is entitled to head-of-household filing status, an exemption for one dependent, various deductions, expense deductions claimed on Schedule C, Profit or Loss From Business, an earned income credit, and an additional child tax credit as reflected on a Federal income tax return submitted after respondent issued the notice of deficiency; (3) whether petitioner is liable for additions to tax under section 6651(a)(1) and (2); and (4) whether documents respondent offered after trial should be admitted into evidence.  Respondent has conceded that petitioner had $122,356 of gross receipts during 2012 rather than the $148,605 determined in the notice of deficiency and is not liable for the addition to tax under section 6654(a).

## FINDINGS OF FACT

Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.  At the time the petition was filed, petitioner resided in Florida.

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended and in effect for the year at issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**   Petitioner, a lawyer, did not file a Federal income tax return for her 2012 tax year before receiving a notice of deficiency for that year.  Respondent therefore prepared a substitute for return pursuant to section 6020(b) (which petitioner claims she did not receive)[2] and on October 20, 2014, issued a notice of deficiency based on that substitute for return.  The notice of deficiency reflected $148,605 in gross receipts from her work as an attorney, assumed a filing status of single, and included only one personal exemption and the standard deduction.  It also advised petitioner that respondent would accept her 2012 tax return and that filing that return might reduce the amount due.

On December 30, 2014, after respondent had issued the notice of deficiency, petitioner submitted her Form 1040, U.S. Individual Income Tax Return, for 2012.  On Schedule C she reported $122,356 in gross receipts from her law practice for 2012 (respondent concedes that this amount is correct).  Petitioner also claimed

---

[2]   Respondent's records indicate that petitioner may have been the subject of identity theft, resulting in an incorrect address being used on a notice to her of taxes owed pursuant to the substitute for return.  The actual substitute for return was not sent to petitioner, and she appears to have been unaware of the possible identity theft.  Sec. 6020 and sec. 301.6020-1, Proced. & Admin. Regs., do not require respondent to provide the substitute for return, and we find that the fact that respondent used the wrong address for the earlier notice does not affect our jurisdiction or the outcome of this case although it is a curious detail.  The notice of deficiency upon which the case is based was correctly addressed to petitioner, and she does not argue that she did not receive that notice.

[*4] head-of-household filing status, two personal exemptions (claiming one dependent), various deductions, Schedule C expense deductions, an earned income tax credit, and an additional child tax credit and as a result claimed that she was owed a refund. On January 7, 2015, respondent received petitioner's 2012 Form 1040. On January 29, 2015, petitioner timely filed her petition, in which she stated: "Pursuant to my completed 2012 IRS Form 1040, I am owed a refund. Accordingly, I do not owe any taxes to the IRS for the 2012 tax year; and, therefore, my return was timely filed."

On or about February 23, 2015, respondent's service center processed petitioner's 2012 Form 1040 and offset her claimed overpayment against a nontax debt. On or about February 25, 2015, respondent entered litigation hold codes on petitioner's account, preventing any further action from being taken until the resolution of this case. On March 30, 2015, respondent filed an Answer denying petitioner's allegation that she did not owe any tax and that her return was timely filed but not otherwise addressing her 2012 Form 1040.

At trial petitioner did not present evidence of her deductions, credits, or filing status beyond the 2012 Form 1040 that she had filed.[3] Instead she argued, in

---

[3] Even though respondent had conceded that petitioner's gross receipts for 2012 were $122,356, she offered some evidence at trial to show that the gross

(continued...)

**[\*5]** a motion in limine and at trial, that respondent had voluntarily redetermined her tax liability by accepting the 2012 Form 1040 that she had filed after the notice of deficiency was issued. Therefore, she argued, respondent should be precluded from offering any evidence inconsistent with the redetermined tax liability and no longer may rely upon the original notice of deficiency, citing Smaczniak v. Commissioner, 998 F.2d 238 (5th Cir. 1993), rev'g T.C. Memo. 1991-87. She further argued that the Court lacks jurisdiction over her redetermined tax liability because that redetermined liability resulted in a refund, citing section 6512(b)(2) and Estate of Smith v. Commissioner, 429 F.3d 533, 539 (5th Cir. 2005), vacating 123 T.C. 15 (2004). We took petitioner's motion in limine under advisement and asked the parties to address the issue in posttrial briefs. As to her failure to file a return before the notice of deficiency was issued, petitioner admitted that she was "slothful" but testified that her "understanding of the law is that when you're entitled to a refund you have to file * * * [a return] within three years" and therefore had until April 15, 2016, to file a return for 2012.

---

[3](...continued)
receipts she received in 2012 should have been $122,356 instead of $148,605, as shown in the notice of deficiency, to illustrate her point that the notice of deficiency was incorrect.

[*6]                              OPINION

I. Effect of Postpetition Processing of Petitioner's Return

    We first must decide what effect if any we must give the postpetition processing of petitioner's 2012 Form 1040 and the issuance to her of a refund.

    Section 6512(a) provides that "[i]f the Secretary has mailed to the taxpayer a notice of deficiency * * * and if the taxpayer files a petition with the Tax Court within the time prescribed * * *, no credit or refund of income tax for the same taxable year * * * shall be allowed or made" other than (as relevant here) as determined in a final decision of the Tax Court or as collected in excess of the amount in our decision, or to the extent determined as part of our overpayment jurisdiction. Ordinarily, the burden of proof in cases before the Court is on the taxpayer. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).

    Petitioner invoked our jurisdiction by filing her petition for redetermination, which has the effect of restricting respondent's ability to assess or collect the taxes determined to be owed in the notice of deficiency until our decision becomes final. See sec. 6213. Because she filed a petition, respondent must assess the entire amount that we determine to be a deficiency in our decision. See sec. 6215. And respondent may not allow a credit or refund for the year to which the petition relates, except as we determine under our concurrent jurisdiction to determine

**[*7]** overpayments (or in other circumstances not relevant here). See sec. 6512(a) and (b).

Petitioner now seeks to end-run the statute giving the Court exclusive jurisdiction over the tax year at issue once she filed her petition. Petitioner relies on two cases to argue that respondent may not rely on the liability originally determined in the notice of deficiency from which she petitioned us for redetermination. Petitioner cites Smaczniak v. Commissioner, 998 F.2d 238, arguing that "when the IRS accepts a tax return filed after the issuance of a notice of deficiency and voluntarily redetermines the tax liability, IRS waives its right to rely on its original tax liability determination." Petitioner then cites Estate of Smith v. Commissioner, 429 F.3d 533, arguing that this Court lacks jurisdiction to review respondent's determination that she was owed a refund.

These cases do not support petitioner's position. In Smaczniak the main issue was whether res judicata applied in a subsequent proceeding involving the same claim and the same tax year. The years at issue in Smaczniak were 1984-87, but the taxpayer husband had been before the Court in a prior proceeding for tax years 1980-83 at docket No. 10479-86. In that prior case the Court entered a final decision against the taxpayer husband because he had failed properly to prosecute his case and failed to comply with the Court's Rules. Smaczniak v.

[*8] Commissioner, 998 F.2d at 239. After that final decision, and while an appeal was pending, the taxpayers submitted joint tax returns for 1980-83, the years at issue in the case at docket No. 10479-86, and the IRS accepted those returns and redetermined the amounts of the taxpayers' tax liabilities for those years. Id. In Smaczniak, the taxpayers attempted to raise issues relating to tax years 1980-83. Id. at 241. The U.S. Court of Appeals for the Fifth Circuit rejected the Commissioner's affirmative defense of res judicata, reasoning that

> the IRS may not rely on a prior judgment of a court regarding a taxpayer's deficiency when the IRS has, subsequent to that court's judgment, voluntarily redetermined the amount of the taxpayer's deficiency. Res judicata is an affirmative defense, which can be waived. By voluntarily redetermining Mr. Smaczniak's tax liability, the IRS in effect waived its right to rely on Mr. Smaczniak's liability as originally determined by the Tax Court. * * * [Id. at 242; citations and fn. ref. omitted.]

The Court of Appeals was careful to limit its holding, specifying that it applied only for purposes of res judicata and only in limited circumstances. See id. at 242 n.14. Smaczniak thus does not support petitioner's argument that respondent is precluded from relying on the notice of deficiency or that she no longer bears the burden of proving that the notice of deficiency is erroneous.

In Estate of Smith, we had previously determined, through Rule 155 computations, that the taxpayer was owed a refund for overpayment of tax. The

[*9] Commissioner then took this amount, reduced it by the taxpayer's unpaid interest for the same year, and refunded to the taxpayer the reduced amount. The taxpayer filed a motion seeking a refund of the entire amount. We granted the motion, holding that even though it resulted in a windfall to the taxpayer (since the Court had not taken the unpaid interest into account in its decision), the Commissioner was required to refund the full amount of the taxpayer's overpayment, without reduction. The U.S. Court of Appeals for the Fifth Circuit reversed the Court's holding that since we had not addressed the underpayment of interest, the Commissioner had authority pursuant to section 6402 to reduce the overpayment of tax that we had determined by the amount of unpaid interest. Our order to the Commissioner to refund the entire amount of the overpayment therefore exceeded our jurisdiction under section 6512(b). Estate of Smith v. Commissioner, 429 F.3d at 539. Estate of Smith likewise does not preclude us from redetermining petitioner's tax liability here.

Petitioner has not established that respondent's processing of her return and offset of her nontax debt was anything other than an error. Petitioner has not presented, nor are we aware of, any cases holding that postpetition processing of a

**[\*10]** tax return and issuance of a refund or offset constitutes a binding settlement

of the liability at issue in the petition.[4]  Nor does she so argue.

Petitioner's contention that respondent no longer can rely on the notice of

deficiency is similar to the argument that the IRS has rescinded the notice of

deficiency even though the formal procedures have not been followed.  This

argument consistently has been rejected.  In <u>Slattery v. Commissioner</u>, T.C.

Memo. 1995-274, 1995 Tax Ct. Memo LEXIS 284, at \*10, this Court stated:

> Section 6212(d) provides that the Secretary <u>may</u>, with the consent of
> the taxpayer, rescind any notice of deficiency mailed to the taxpayer.
> Clearly, the statute requires mutual consent by the Secretary and the

---

[4] General principles regarding the enforcement of settlements in the Tax
Court were set out in <u>Dorchester Indus. Inc. v. Commissioner</u>, 108 T.C. 320, 330
(1997) (quoting <u>Manko v. Commissioner</u>, T.C. Memo. 1995-10), <u>aff'd</u>, 208 F.3d
205 (3d Cir. 2000), as follows:

> "In a tax case, it 'is not necessary that the parties execute a closing
> agreement under section 7121 in order to settle a case pending before
> this Court, but, rather, a settlement agreement may be reached
> through offer and acceptance made by letter, or even in the absence of
> a writing.' <u>Lamborn v. Commissioner</u>, T.C. Memo. 1994-515.
> Settlement offers made and accepted by letters are enforced as
> binding agreements.  <u>Haiduk v. Commissioner</u>, T.C. Memo. 1990-
> 506; <u>see also</u> <u>Himmelwright v. Commissioner</u>, T.C. Memo. 1988-
> 114."

Furthermore, this Court in <u>Johnson v. Commissioner</u>, 136 T.C. 475, 497 (2011),
<u>aff'd</u>, 502 F. App'x 1 (D.C. Cir. 2013) held that "[T]he Commissioner is \* \* \* not
bound by an apparent settlement where an agent is without authority to
compromise a taxpayer's tax liability."

[*11] taxpayer to effect a rescission of a notice of deficiency. We know of no authority deeming a notice of deficiency rescinded in absence of a formal rescission. * * * [Fn. ref. omitted.]

In either a settlement or a formal rescission, there must be a meeting of the minds between the parties. That did not happen here.

We hold that respondent's processing of petitioner's 2012 Form 1040 and offset after he issued the notice of deficiency and after she filed her petition seeking our redetermination of her tax liability does not limit his authority to rely upon that notice of deficiency, nor does it restrict our jurisdiction to redetermine her tax liability as set forth in that notice. We therefore will deny petitioner's motion in limine and now turn to the redetermination of her tax liability.

II. Petitioner's 2012 Federal Tax Liability

Petitioner claimed head-of-household filing status, two personal exemptions, various deductions, Schedule C expense deductions, an earned income credit, and an additional child tax credit on the 2012 Form 1040 that she submitted after respondent issued the notice of deficiency. Petitioner bears the burden of demonstrating that she is entitled to these items. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Even if a taxpayer files a return after the Commissioner issues a notice of deficiency, the taxpayer still must come forward with evidence

**[\*12]** as to any deductions claimed on the return.  See Van Vorst v. Commissioner,

T.C. Memo. 1993-353, 1993 Tax Ct. Memo LEXIS 352, at \*35 n.9; see also

McCabe v. Commissioner, T.C. Memo. 1983-325, 1983 Tax Ct. Memo LEXIS

466.  The return itself is not considered evidence.  Wilkinson v. Commissioner, 71

T.C. 633, 639 (1979) ("The fact that a return is signed under penalty of perjury is

not sufficient to substantiate deductions claimed on it."); Ehrensperger v.

Commissioner, T.C. Memo. 1994-279, 1994 Tax Ct. Memo LEXIS 284, at \*16

("The entries on the returns of petitioner and his spouse are not evidence to

establish the truth of the matters set forth therein but merely a statement of their

claim."); McCabe v. Commissioner, 1983 Tax Ct. Memo LEXIS 466, at \*8

(explaining that an amended return admitted into evidence as a statement of the

taxpayer's present position "does not affect the jurisdiction of this Court or \* \* \*

[the taxpayer's] burden to show error in the notice of deficiency").

Petitioner had the opportunity to present evidence at trial and did submit

evidence supporting a reduction to her gross receipts even though respondent had

agreed already to reduce them.  Petitioner, however, failed to introduce at trial any

evidence, either documents or testimony, other than her general statement that her

return was accurate, to substantiate her claimed filing status, deductions, or

credits, relying instead solely upon her 2012 Form 1040.  Therefore, in the

**[\*13]** absence of any evidence, we sustain respondent's determination that she is not entitled to these items. See Baker v. Commissioner, T.C. Memo. 2008-247, 2008 Tax Ct. Memo LEXIS 244, at \*9-\*11 (rejecting taxpayer's returns as evidence of deductions because no other evidence was introduced except taxpayer's nonspecific testimony of their accuracy, explaining that "[w]hat a taxpayer needs to substantiate his deductions and losses are records sufficient to permit verification of a deduction or loss").

III. Additions to Tax Under Section 6651(a)(1) and (2)

Respondent determined that petitioner is liable for additions to tax under section 6651(a)(1) and (2). Section 6651(a)(1) imposes an addition to tax for failure to file a return by the date prescribed unless the taxpayer shows that the failure to file was due to reasonable cause and not willful neglect. Section 6651(a)(2) imposes an addition to tax for failure timely to pay the amount of tax shown on a return unless the taxpayer shows that the failure to pay was due to reasonable cause and not willful neglect.

The addition to tax under section 6651(a)(2) applies only when an amount of tax is shown on a return. Wheeler v. Commissioner, 127 T.C. 200, 208 (2006), aff'd, 521 F.3d 1289 (10th Cir. 2008); Cabirac v. Commissioner, 120 T.C. 163, 170 (2003), aff'd without published opinion, 94 A.F.T.R.2d (RIA) 2004-5490 (3d

[*14] Cir. 2004). Under section 6651(g)(2), a substitute for return prepared by the Secretary pursuant to section 6020(b) is treated as a return filed by the taxpayer for the purposes of section 6651(a)(2).

The Commissioner bears the burden of production with respect to a taxpayer's liability for these additions to tax. Sec. 7491(c). Once the Commissioner meets the burden of production, the taxpayer bears the burden of proving that her failure timely to file the required return did not result from willful neglect and that the failure was due to reasonable cause. See Higbee v. Commissioner, 116 T.C. 438, 447 (2001).

Respondent has met his burden of production under section 7491(c) with respect to the section 6651(a)(1) addition to tax by showing that petitioner failed to file her 2012 income tax return before the issuance of the notice of deficiency. Likewise respondent has met his burden of production with respect to the section 6651(a)(2) addition to tax by showing that respondent prepared a valid substitute for return for petitioner for tax year 2012. The fact that petitioner may not have received notice that the substitute for return was prepared does not change our conclusion; the statute requires a return, not notice of payment due, and the substitute for return constitutes the return for the purposes of calculating the addition to tax for failure to pay. See sec. 6651. And the addition to tax is

[*15] calculated from the time the payment was due, which is the due date of the original return, not the date the substitute for return was prepared.  See sec. 6651(g)(2); sec. 301.6651-1(f), Example (2), Proced. & Admin. Regs.  There is no requirement in section 6020 that the Commissioner send notice to a taxpayer that a substitute for return has been prepared, and there is no requirement in section 6651 that the taxpayer receive notice that the substitute for return was prepared for the Commissioner to assess the addition to tax for failure timely to pay.  In fact, we have upheld additions to tax where the substitute for return was prepared only days before the notice of deficiency was sent to the taxpayer.  Gleason v. Commissioner, T.C. Memo. 2011-154.  There, the substitute for return was prepared only six days before the issuance of a notice of deficiency, and the record does not indicate that the Commissioner sent notice that the substitute for return was prepared, other than the notice of deficiency (although the taxpayer had received notice of an earlier substitute for return).  Id.  As respondent has met the burden of production with respect to the additions to tax under section 6651(a)(1) and (2), petitioner has the burden of proving that her failure timely to file and pay was due to reasonable cause and not willful neglect.  See Higbee v. Commissioner, 116 T.C. at 447.  Petitioner took the position that she was not required to file a return until advised by respondent.  Petitioner's legal position is expressly

[*16] contradicted by section 6012(a)(1)(A), which requires that individuals file returns if their income exceeds the exemption amount plus the standard deduction. Courts long have held that ignorance of the law is no excuse, and we will not make an exception here. United States v. Int'l Minerals & Chem. Corp., 402 U.S. 558, 563 (1971) ("The principle that ignorance of the law is no defense applies whether the law be a statute or a duly promulgated and published regulation."); Carlebach v. Commissioner, 139 T.C. 1, 17 (2012). And we find petitioner's claimed ignorance of the law particularly unappealing because she is a lawyer. In addition, petitioner did not make any other argument to justify her failure timely to pay. As to petitioner's failure timely to pay, she maintained at trial and in posttrial briefing that she did not have an obligation to file a return until advised by respondent because she was due a refund, which as we note above does not establish reasonable cause for her failure to comply with the law. She now must accept the consequences of resting her entire case on this one argument. Consequently, we sustain respondent's additions to tax under section 6651(a)(1) and (2) for petitioner's 2012 tax year.

IV. Respondent's Motion To Reopen the Record

Respondent filed a Motion to Reopen the Record to add Form 2866, Certificate of Official Record, and corresponding Form 4340, Certificate of

[*17] Assessments, Payments, and Other Specified Matters, for petitioner's Form 1040 for the tax period ending December 31, 2012, that is current through February 17, 2016, identified as Exhibit 18-R, and the certified Account Transcript for petitioner's Form 1040 for tax period ending December 31, 2012, that is current through February 22, 2016, identified as Exhibit 19-R.

Respondent argued that we should reopen the record for these documents under Soltan v. Commissioner, T.C. Memo. 2010-91, because these documents are not cumulative or impeaching, they are material, and they probably would change the outcome of the case. These documents show that respondent was able to recover the offset against petitioner's nontax debt and freeze her claimed refund for 2012, pending the Court's determination. Petitioner filed a late response to respondent's motion in which she repeated her position at trial that he should be precluded from relying on the original notice of deficiency. She also argued that the documents are not timely, contain posttrial information, are contrary to the stipulation of facts, are contrary to the statutory scheme for recovering an erroneous refund, are hearsay, and are not relevant.

We granted respondent's motion and reopened the record solely for the purpose of allowing him to offer into evidence Exhibit 18-R and Exhibit 19-R so that the parties could brief the issues raised by his motion in the context of the

**[*18]** evidence in the case and so that we could decide his motion in that context. We conclude that whether respondent was successful in recovering petitioner's refund has no effect on the outcome of this case. Therefore we will exclude Exhibit 18-R and Exhibit 19-R from the record as irrelevant.

Any contentions we have not addressed we deem irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered under Rule 155.