T.C. Memo. 2018-175

UNITED STATES TAX COURT

JOHN T. LONGINO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6817-17L.                              Filed October 16, 2018.

John T. Longino, pro se.

<u>James H. Brunson III</u> and <u>David Delduco</u>, for respondent.

MEMORANDUM OPINION

LAUBER, <u>Judge</u>:  In this collection due process (CDP) case, petitioner

seeks review pursuant to sections 6320(c) and 6330(d)[1] of the determination by the

---

[1]All statutory references are to the Internal Revenue Code in effect at all
relevant times, and all Rule references are to the Tax Court Rules of Practice and
Procedure.  We round all monetary amounts to the nearest dollar.

[*2] Internal Revenue Service (IRS or respondent) to uphold the filing of a notice of Federal tax lien (NFTL). The IRS initiated the collection action with respect to petitioner's Federal income tax liability for 2006. Respondent has moved for summary judgment under Rule 121, contending that there are no disputed issues of material fact and that his determination to sustain the proposed collection action was proper as a matter of law. We agree and accordingly will grant the motion.

## Background

The following facts are based on the parties' pleadings and respondent's motion papers, including the accompanying declaration and exhibits. See Rule 121(b). Petitioner resided in Georgia when he filed his petition.

On October 15, 2007, petitioner filed Form 1040, U.S. Individual Income Tax Return, for 2006. Two days later he filed Form 1040X, Amended U.S. Individual Income Tax Return, for 2006. He explained that the amended return included an additional "page of deductions" that he had overlooked when preparing the original return. The amended return requested a refund of $1,396, which the IRS issued to him.

The IRS processed the two returns separately. The IRS first examined the original return and, on September 14, 2009, issued a notice of deficiency determining a deficiency of $39,757 and an accuracy-related penalty of $7,951.

**[\*3]** Petitioner sought review in this Court, and his case was docketed as <u>Longino v. Commissioner</u>, T.C. Dkt. No. 26146-09 (filed Nov. 3, 2009).

Meanwhile, the IRS processed petitioner's amended 2006 return and determined that he was not entitled to the $1,396 refund. On May 15, 2013, the IRS service center in Ogden, Utah, issued petitioner a Form 3552, Notice of Tax Due on Federal Tax Return, showing a balance due of $1,396. On May 20, 2013, petitioner replied and enclosed a check for $1,396. In his cover letter he asked the IRS to "confirm * * * that we are now concluded on this tax return issue and we won't have any more issues with IRS on that year." If the IRS thought otherwise, petitioner requested that it return the uncashed check to him.

The IRS service center did not respond to the statements in petitioner's cover letter, but it did assess the $1,396 liability. <u>See</u> sec. 6213(b)(4) (authorizing assessment of a tax payment received after the filing of a Tax Court petition notwithstanding the general bar of section 6213(a)). The IRS then offset that liability with petitioner's $1,396 payment.

On March 18, 2013, we sustained the bulk of the deficiency that the IRS had determined for 2006. <u>See</u> <u>Longino v. Commissioner</u>, T.C. Memo. 2013-80, <u>aff'd</u>, 593 F. App'x 965 (11th Cir. 2014). We subsequently ordered the parties to submit computations for entry of decision under Rule 155. The IRS timely filed its

[*4] computations and submitted a proposed decision document reflecting a deficiency of $36,715 and an accuracy-related penalty of $7,343.

On June 26, 2013, petitioner filed a "Rule 155 response" in which he asserted that he had settled his 2006 tax liability with the IRS and thus had no deficiency for that year. To support this theory he submitted copies of the $1,396 canceled check and the tax bill he had received in March 2013. He characterized that correspondence as indicating that "his total balance due for 2006 was $1,396," which he had paid. We found no merit in petitioner's argument and, on January 2, 2014, entered a decision reflecting a deficiency of $36,715 and an accuracy-related penalty of $7,343, consistent with the IRS' Rule 155 computation.

On May 12, 2014, the IRS sent petitioner a form letter noting that it had received his payment of $1,396. This letter informed him that he owed interest of $457 because his $1,396 payment was received more than six years late. He sent the IRS a check for $457.

The IRS timely assessed the deficiency and penalty determined in this Court's January 2, 2014, decision, plus applicable interest. When petitioner did not pay that liability on notice and demand, the IRS filed an NFTL in an effort to collect his liability. He timely requested a CDP hearing, which was held with an IRS settlement officer (SO) on January 11, 2017.

**[*5]** At his CDP hearing petitioner expressed no interest in a collection alternative. His sole contention was that he had settled his Federal tax liability for 2006 by tendering payments of $1,396 and $457. In so contending he advanced the same argument that he had advanced (unsuccessfully) in response to this Court's order directing Rule 155 computations.

The SO reviewed the administrative file, verified that petitioner's 2006 tax liability had been properly assessed, and verified that all other requirements of law and administrative procedure had been satisfied. On February 24, 2017, the SO issued a notice of determination sustaining the NFTL filing. As the basis for this action the SO determined that petitioner: (1) was precluded from challenging through the CDP procedure the amount of his 2006 tax liability as determined by this Court; (2) could not establish that a settlement or compromise of his 2006 liability had occurred, let alone been approved by an authorized IRS officer; and (3) had neither requested a collection alternative nor established his eligibility for one.

Discussion

A.    Standards of Review and Summary Judgment

The purpose of summary judgment is to expedite litigation and avoid costly, time-consuming, and unnecessary trials. Fla. Peach Corp. v. Commissioner, 90

**[\*6]** T.C. 678, 681 (1988). The Court may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), aff'd, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. Sundstrand Corp., 98 T.C. at 520. However, the nonmoving party may not rest upon mere allegations or denials of his pleadings but instead must set forth specific facts showing that there is a genuine dispute for trial. Rule 121(d); see Sundstrand Corp., 98 T.C. at 520. We conclude that the question before us may appropriately be adjudicated summarily.

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case. But our case law tells us what standard to adopt. Where the validity of the taxpayer's underlying tax liability is properly at issue, we review the IRS' determination de novo. Goza v. Commissioner, 114 T.C. 176, 181-182 (2000). Where the taxpayer's underlying liability is not before us, we review the IRS' decision for abuse of discretion only. See id. at 182. Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact

**[\*7]** or law.  Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d

27 (1st Cir. 2006).

B.     Analysis

A taxpayer may challenge through the CDP procedure his underlying tax

liability for a particular year only "if the person did not receive any statutory

notice of deficiency for such tax liability or did not otherwise have an opportunity

to dispute such tax liability."  Sec. 6330(c)(2)(B).  Petitioner received a notice of

deficiency for 2006 and had two opportunities to dispute his liability--once before

this Court and a second time before the U.S. Court of Appeals for the Eleventh

Circuit, which affirmed our decision.  That decision is now final.  See sec.

7481(a)(2).  Petitioner cannot relitigate his 2006 Federal income tax liability in

this CDP proceeding.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); sec.

301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.

While purporting not to challenge our January 2014 decision, petitioner in-

sists that he settled his 2006 liability for $1,396 (plus interest) through his 2013

exchange of correspondence with the IRS.  This argument is unavailing.  Petition-

er previously advanced his "settlement" argument in response to our order direct-

ing Rule 155 computations, asserting that he had no deficiency for 2006 because

he had settled and fully paid that liability.  We rejected that argument and entered

[*8] a decision reflecting for 2006 a deficiency of $36,715 and an accuracy-related penalty of $7,343.

In any event petitioner's argument is meritless. A disputed tax liability may be settled by agreement between the taxpayer and the IRS. A settlement of a case pending in this Court is a contract that "may be reached through offer and acceptance made by letter, or even in the absence of a writing." Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997) (quoting Lamborn v. Commissioner, T.C. Memo. 1994-515, 68 T.C.M. (CCH) 950, 951), aff'd, 208 F.3d 205 (3d Cir. 2000). Petitioner did not settle his 2006 tax liability with IRS counsel. Rather, his case was tried in this Court and he lost.

Nor did petitioner reach a settlement with the IRS employee with whom he exchanged correspondence in May 2013. That correspondence occurred after we had issued our opinion in his deficiency case but before we entered our decision. The IRS service center employee with whom he corresponded did not offer to settle any tax liability. The IRS simply sent him a bill for $1,396, and he paid that bill.

Even if the IRS employee were thought to have made a settlement offer, no settlement of any kind is binding on the IRS unless it is duly authorized and properly memorialized, e.g., in a closing agreement under section 7121. See Broz

**[*9]** v. Commissioner, 137 T.C. 46, 55-56 (2011); Becker Holding Corp. v. Commissioner, T.C. Memo. 2004-58, 87 T.C.M. (CCH) 1069, 1071 ("This Court has repeatedly declined to enforce a settlement agreement when the person entering into the agreement on behalf of the Commissioner lacked the authority to bind the Commissioner."). Petitioner has supplied no reason to believe that his IRS correspondent had the requisite settlement authority.

In his May 2013 letter enclosing the $1,396 check, petitioner asserted uni-laterally that "we are now concluded on this tax return issue" and that he would not "have any more issues with IRS" regarding 2006. But there can be no settlement unless there is mutual assent to its terms, which petitioner has not shown. See Dorchester Indus. Inc., 108 T.C. at 330; Riggins v. Commissioner, T.C. Memo. 2017-106, 113 T.C.M. (CCH) 1477, 1480, aff'd per curium, ___ F. App'x ___ (11th Cir. Sept. 10, 2018), 2018 WL 4293322. To demonstrate assent by the IRS, petitioner must do more than show that the IRS cashed his check. See, e.g., Bowling v. United States, 510 F.2d 112, 113 (5th Cir. 1975) (holding that no compromise was implied by "the government's acceptance and cashing" of the taxpayer's check); Whitesell v. Commissioner, T.C. Memo. 2017-84, 113 T.C.M. (CCH) 1406, 1409.

**[\*10]** In determining whether the SO abused his discretion we consider whether he: (1) properly verified that the requirements of any applicable law or administrative procedure had been met, (2) considered any relevant issues petitioner raised, and (3) determined whether "any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). The SO clearly satisfied the first and third of these requirements.

The only issue petitioner raised was his contention that he had settled his 2006 tax liability for $1,396. On that point the SO correctly determined that petitioner's correspondence with respect to the $1,396 assessment was unrelated to the liabilities determined by this Court. The SO further concluded (correctly) that: (1) this correspondence did not involve an offer or acceptance of any settlement but consisted only of "standard form letters used by the IRS Service Centers" and (2) petitioner did not (and could not) show that any IRS person with he whom he had corresponded had settlement authority. See Delegation Order 8-8, Internal Revenue Manual pt. 1.2.47.9 (Jan. 23, 1992). In short, the SO properly determined that petitioner had proffered no plausible evidence of a settlement.

[*11]  Once assessed, a disputed tax liability may be compromised by the IRS under section 7122.  Petitioner was free to propose an offer-in-compromise during the CDP proceeding by submitting Form 656, Offer in Compromise, together with supporting financial information.  But he declined to request a collection alternative of any sort, insisting instead that he had no liability for 2006 whatsoever.  Under these circumstances the SO did not abuse his discretion by not considering collection alternatives.  Solny v. Commissioner, T.C. Memo. 2018-71, at *10; Gentile v. Commissioner, T.C. Memo. 2013-175, 106 T.C.M. (CCH) 75, 77 ("There is no abuse of discretion when Appeals fails to consider an offer-in-compromise when a Form 656 was not submitted[.]"), aff'd, 592 F. App'x 824 (11th Cir. 2014).  Finding no abuse of discretion in this or any other respect, we will grant respondent's motion for summary judgment and sustain the collection action.

To reflect the foregoing,

An appropriate order and decision will be entered for respondent.